THE CONNECTICUT TRUST AND SAFE DEPOSIT COMPANY *vs.* ALMIRA HOLLISTER ET AL.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A testator, after giving his widow the life use of $10,000 and making certain other bequests, in the 7th clause of his will gave all his insurance stocks and the rest of his personal property in trust, and directed that the same should be safely invested and the income as it accrued should be deposited in a savings-bank and remain for twenty years, when it was to be drawn out by the trustee and equally divided among the testator's nephews and nieces, "or their legal heirs;" that yearly thereafter the income of the fund should be equally distributed among said nephews and nieces, or "those who should legally represent them," and that at the end of forty years the fund itself should be equally distributed in fee to the nephews and nieces, or "their legal heirs or representatives." *Held:—*

1. That the twenty-year period limited for the accumulation of the income, began to run from the date of the testator's death, when the legal title to the property constituting the trust fund vested in the trustee and the equitable title or interest in the beneficiaries.

2. That the terms "legal heirs," "legal heirs or representatives," and "those who legally represent them," meant the lineal descendants, *per stirpes*, of such nephews or nieces as might die before the testator; while the interest of a beneficiary dying after the testator would pass to the executors or administrators of such beneficiary as a part of his estate.

3. That twenty years after the testator's death the entire net income of the fund, with the interest accumulated thereon, and in forty years the fund itself, with any income not theretofore distributed, was to be divided in equal ninth parts among the eight nephews and nieces who survived the testator, and the three children of a nephew who died before him.

4. That no provision of the seventh clause violated the statute against perpetuities in force when the will took effect, nor the common-law rule upon that subject.

Specific legacies, when no contrary intention appears from the will, vest at the testator's death.

The law always favors vested estates.

A bequest to *A* or his heirs is not substitutionary. It is a direct, substantive and independent gift to them in case *A* be not living at the testator's death.

Provisions in a will evidencing a general intent may serve sometimes to explain, but never to explain away, the expression of a particular intent.

Argued October 4th—decided December 20th, 1901.

Suit to determine the validity and construction of the will of Thomas Hollister of Bristol, deceased, brought to the Superior Court in Hartford County and reserved by that court, *Prentice, J.,* upon the facts alleged in the complaint, for the consideration and advice of this court.

The trust was constituted by the seventh clause of the will, as follows: "Seventh: I give and bequeath in trust to my friend Dan A. Miller, Esq., of Bristol, all my Insurance Stocks, and all the remainder of my personally, estate together with the Ten Thousand Dollars (the use and income of which I have given to my Wife while she remains my Widow), and direct that the same shall be invested securely, and according to the law of the State of Conn. and constitute a Fund, and that the income therefrom as it accrues shall be deposited in some duly incorporated Institution or Savings Bank, and remain for the period of Twenty years, when it shall be drawn out by my said Trustee or his successor and equally divided, among my Nephews and Nieces, or their legal heirs, and that yearly thereafter the income of said fund shall be drawn and equally distributed among my said Nephews and Nieces or those who shall legally represent them, and at the end of Forty (40) years, the whole of said Fund shall be taken and equally distributed and divided to my Nephews, and Nieces, or their legal heirs or representatives, and to be and belong to them respectively forever.

"I further order and direct that if my said trustee should die or from any cause said Trusteeship should become vacant, that another Trustee shall be appointed by the Probate Court, and that my Trustee or Trustees shall have and receive a fair compensation for his and their duties in executing said trust, said amount or sum to be decided by the Judge of Probate."

The trust fund was originally of the value of about $40,000 in addition to the $10,000 the income of which was

given to the testator's widow during her widowhood, and consisted for the most part of railroad bonds, insurance and bank stocks, savings-bank deposits, and mortgage notes.

At the present time, said trust fund with the accumulations thereon is of the approximate value of $90,000 in addition to the $10,000 the income of which was given to the testator's widow, and consists chiefly of savings-bank deposits, insurance stock, railroad bonds, and one mortgage loan.

The will was probated in 1880. Nephews and nieces survived the testator, as follows: two children of his sister Caroline; two of his brother David; three of his sister Sarah; one (Elisha S.) of his brother Lyman. Elisha S. Hollister died subsequently, leaving a widow and two daughters.

Philander H., son of another brother of the testator, Lemuel H. Hollister, died intestate, before the date of the will, leaving three children. Lemuel H. Hollister survived the testator.

The only legacies or devises, except that to the widow, were as follows: to his brother Lemuel stocks worth about $11,000; to one of Caroline's children $1,000; to one of Sarah's children $1,000; to another one of them a farm and stock upon it worth about $6,000, subject to a life estate in about a third of it in the testator's widow; and to another of them another farm worth about $2,000, "and at her decease, the same to be and belong to her children equally, with this provision and understanding—and the same is my will—that the sprouts and young timber, standing and growing upon said farm, shall remain and stand for the period of twenty years, before the same shall be cut down"; and to Elisha S. Hollister the income of $2,000 "during his life, and at his death the same to be equally divided among his children, share and share alike."

Philander's children were personally known to the testator and his relations to them were cordial.

The widow accepted the provision made for her.

*John T. Robinson,* for the plaintiff.

*Noble E. Pierce*, for Almira Hollister, widow of testator.

*Epaphroditus Peck*, for Harry L. Hollister *et al.*

*Howard F. Landon*, for Seymour L. Hollister *et al.*

*Charles E. Gross*, with whom was *Roger S. Newell*, for Frederick M. Brown *et al.*

BALDWIN, J. Specific legacies, when no contrary intention appears from the will, vest at the testator's death. *Platt* v. *Platt*, 42 Conn. 330. The legacy of the insurance stocks, in the will now in question, was specific, and so carried the benefit of any dividends, which might be declared upon them after the testator's death, to the trustee. There is nothing to indicate that any different disposition was intended of the residuary personal estate. The testator contemplated the creation of a single productive fund, and we think the twenty year period, during which the income to accrue from it was to be held in trust, ran from the date of his death, when the principal became vested in the trustee.

The division which is directed at the end of twenty years among his nephews and nieces or their legal heirs, looks to the ascertainment of these legatees also as of the date of the testator's death. The equitable estate vested in them when the legal estate vested in the trustee. The law favors vested estates. *Greene* v. *Huntington*, 73 Conn. 106, 114; *Johnson* v. *Edmond*, 65 id. 492, 498. One of the testator's nephews, Philander H. Hollister, had died before the execution of the will, leaving children, with whom the testator was on cordial terms. These children answer the description of "legal heirs of nephews." That term seems to be used as the equivalent of the words subsequently employed in the same sentence: "those who shall legally represent them," and of "their legal heirs or representatives." Its most natural meaning in this connection is that of lineal descendants, taking *per stirpes*. The testator's purpose was to create a family fund. The enjoyment of its fruits was to be deferred for twenty years,

but to belong to "said nephews and nieces or those who shall legally represent them," that is, to the same persons in whom the equitable ownership of the principal was to vest at his decease. The statute of perpetuities therefore did not invalidate the trust.

The entire net income received during the twenty years, with any accumulations of interest on deposits made from it, was to be drawn out and divided at the close of that period; and yearly thereafter during the ensuing twenty years, the entire net income for the year from the principal of the fund was to be distributed. The provisions for the constitution and disposition of the trust fund are quite distinct from those relating to the income to accrue from it; and no words are used from which an intention to increase the principal by accumulating such interest as might be derived from the deposits of income can fairly be implied.

The trust is not, from any point of view, invalidated under the common-law rule against perpetuities, by the directions for the postponement of the enjoyment of the income for twenty years, nor by those for deferring that of the principal for twenty years more. *Tarrant* v. *Backus*, 63 Conn. 277, 284. No condition was interposed to precede the vesting of the beneficial interest. This became absolute at the testator's death, and the actual enjoyment was to begin within less than twenty-one years thereafter. In this respect the seventh clause does not differ in principle or effect from the provision in his devise of a farm to one of his nieces, that the wood on it should not be cut for twenty years. Had the beneficiaries, after all had arrived at full age, united in asking for the termination of the trust—if they could have thus thwarted the wishes of the testator—their equity would have rested on the identity of ownership as respects both the principal and the right to the income that might thereafter accrue upon it.

Under the scheme of the will, the income of the fortieth year would be distributed at the same time with the principal (that is, upon the close of that year) and to the same persons, namely, in equal ninth parts, to the eight nephews

and nieces of the testator, who survived him, and to the children of Philander, taking together, as the legal heirs of their father, a nephew's share. The title of these children is one by direct purchase. A bequest to *A* or his heirs is not substitutionary. It is a direct, substantive, and independent gift to them, in case he be not living at the testator's death. *Greene* v. *Huntington*, 73 Conn. 106, 111. The same rule applies in the case at bar to the provision for nephews, without naming them, " or " their legal heirs.

In the event of the death of any of the beneficiaries, after that of the testator, their interest would pass to their respective executors or administrators as a part of their estate. Elisha's widow and children, therefore, are not purchasers under this will.

It is contended, in behalf of some of the defendants, that the bequest to Lemuel H. Hollister was so large as (especially in view of the particular legacies to certain of the nephews and nieces) to render it probable that the testator intended through him, and so only, to provide for Philander's children. Provisions in a will evidencing a general intent, may serve sometimes to explain, but never to explain away, the expression of a particular intent.

The Superior Court is advised that (1) the period of twenty years mentioned in the seventh clause of the will of Thomas Hollister terminated twenty years after his death; (2) at the end of said period the entire accumulated income should have been drawn out and distributed; (3) no provision of said seventh clause was void as violating any statute; (4) Harry L. Hollister, Lydia H. Potter and Frank C. Hollister are entitled to share as beneficiaries under said clause; (5) they take together one ninth part, and each nephew or niece surviving the testator took the same; (6) the terms "legal heirs," "legal heirs or representatives," and "those who legally represent them," as used in said clause, all mean lineal descendants, *per stirpes*, and refer only to such descendants of a nephew or niece dying before the testator; and (7) at the end of forty years from the testator's decease the whole fund, with any income not previously dis-

tributed, should be divided among the beneficiaries described in said clause.

No costs will be taxed in this court for or against any party.

In this opinion the other judges concurred.