ARTHUR R. DEACON and ARTHUR W. LAMBERT, Trustees, et al. v. ST. LOUIS UNION TRUST COMPANY et al., Appellants.

Division Two, July 27, 1917.

1. **WILL: Intention: Perpetuity.** To discover and give effect to the intention of the testatrix as expressed in her will, giving to the words employed their natural and ordinary meaning, is of controlling importance in determining whether the will creates a perpetuity.

2. ————: **Estate in Trust For Thirty Years: Distribution Postponed for Benefit of Estate: Partiality Among Children.** The purpose of a will giving testatrix's property, the most of which consisted of the stock of a company engaged in the manufacture of a lotion, then having a limited demand, but foreseen by her to constitute a source of great profit, to a trustee for thirty years, to be administered and handled by him, the net income to be used annually for the education and maintenance of all her children, six in number, the oldest fourteen and one unborn, and at the end of the thirty years, to be distributed equally among them or the descendants of any of them who might die, and if any of them died without descendants, to the others or their descendants, was for the benefit of the estate, and the will was not intended to do otherwise than deal fairly and impartially with her children.

3. ——: ——: **Vested Estate.** A will giving property to a trustee to carry on a named business, to be distributed among testatrix's children equally at the end of thirty years, the net income meantime to be annually apportioned to each and used for his or her education and maintenance, any surplus of the income arising from a child's share during minority to be invested for the child's individual benefit, and otherwise manifesting on its face an unequivocal intention that the shares of the children should be equal, vested the property, whether real or personal, in the children at testatrix's death, leaving its control in the trustee's hands during the trust period, and the final distribution of the corpus to them upon its termination.

4. ——: ——: **Vested Estates Favored.** The law favors the vesting of estates, and in the absence of words expressing a clear intention to the contrary an instrument will be construed as creating a vested estate rather than a contingent estate or one upon condition.

5. ——: ——: **Rule as to Personalty.** The same rules govern the vesting of interests in personalty that are applied to the vesting of title to real estate, especially where both personalty and real estate are disposed of by the same words of the will.

6. ——: ——: **Power to Sell Real Estate.** The fact that the trustee was given power by the will to sell the real estate and reinvest the proceeds in other real estate or in different character of property, did not manifest an intention to create a conditional rather than a vested estate in the beneficiaries.

7. ——: ——: **Defeasible Vested Estate: Executory Devise.** A clause in a will declaring that "in case any child die before final distribution, the issue of such child shall have all the rights of the parent, taking *per stirpes;* but if no issue survive, the share of such deceased child or children shall pass to the survivors of said children, or their issue, the issue in all cases taking *per stirpes,*" modifies the absolute estate vested in each child by the prior provisions of the will into a present interest, but one subject to be divested by a condition subsequent, namely, death without issue of the child before the end of the trust period, thus creating a defeasible instead of an absolute estate; but it did not create a contingent remainder in behalf of the issue of such child, but an executory devise.

8. ——: ——: ——: ——: **Perpetuity: Postponement of Possession.** The rule against perpetuities is directed only against future contingent interests. If the interest or right to future enjoyment has vested within the period designated by the rule (twenty-one years after a life in being at the time the interest is created), the postponement of possession or actual enjoyment is

immaterial. If the interest vested in a child is a present vested equitable estate, but made a defeasible fee by an executory devise imposed, which declares that if the child dies without issue its share is to go to other children, the rule against perpetuities is not violated.

9. ———: ———: **Vesting of Equitable Estate.** The control and management by trustees of the trust estate in whom is vested the legal title, does not prevent the vesting of the equitable estate in the designated beneficiaries.

10. ———: ———: **Perpetuities: As to Equitable Estates.** Equitable estates are subject to the rule against perpetuities. If the entire equitable estate has vested within a life in being at the date the settlement becomes effective or within twenty-one years thereafter, the settlement in trust, as in legal estates, is valid.

Appeal from St. Louis City Circuit Court.—*Hon. Leo. S. Rassieur,* Judge.

AFFIRMED.

*Charles S. Reber* for appellants.

(1) In cases of remoteness, the court is bound to construe the will as though the rule against perpetuities was non-existent. The intention of the testator must be discovered from the words of the will alone, and these words must be given effect according to their natural and ordinary meaning. It is not permissible for the court to put a strained or unnatural construction on the will, for the mere purpose of avoiding the effect of the rule. 1 Jarman on Wills (6 Eng. Ed.), p. 364; Gray on Perpetuities (3 Ed.), sec. 629, p. 497; Speakman v. Speakman, 8 Hare, 180; Cattlin v. Brown, 11 Hare, 376; Savings Co. v. Watson, 254 Ill. 419. (2) The contingency of survivorship contained in clause 8 of the will, which makes the gift of the *corpus* of the estate, applies to children of the testatrix and issue of deceased children alike. MacGregor v. MacGregor, 2 Coll. 192; In re Coulden, 1 Ch. 320; Re Fox's Will, 35 Beav. 163; Knight v. Poole, 32 Beav. 548; Atkinson v. Bartrun, 28 Beav. 219; In re Poultney, 81 L. J. 748; In re Mervin, 3 Ch. 197; Mount v. Harris, 158 N. Y. S. 339. (3) Thus construed, the interests created by the will are purely con-

tingent and vest for the first time in children or issue, at the end of the thirty-year trust period. Emison v. Whittlesay, 55. Mo. 254; DeLassus v. Gatewood, 71 Mo. 371; Dickinson v. Dickinson, 211 Mo. 483; Sulivan v. Garesche, 229 Mo. 496; Buxton v. Kroeger, 219 Mo. 224; Dameron v. Langan, 234 Mo. 627; Lick v. Lick, 158 Mo. App. 400. (4) A future interest or estate to be good must vest, if at all, within the perpetuity period, i. e., during a life or lives in being and twenty-one years afterward. It is not sufficient that it may vest within such time. It must be good in its creation and unless it is created in such terms that it cannot vest beyond the perpetuity period, it is not good; and subsequent events cannot make it so. If by any possibility it may not vest in due time, it will be void. Dungannon v. Smith, 12 C. L. F. 546; Hancock v. Watson, H. L. A. C. 14; 22 Laws of England, p. 300; Gray on Perp. (3 Ed.), sec. 201, p. 174, sec. 214, p. 185; Lockridge v. Mason, 109 Mo. 66; Buxton v. Kroeger, 219 Mo. 224. (5) Where a gross term is selected by the testator, as here, the interest or estate given must absolutely and indefeasibly vest, not later than twenty-one years after the testator's death, to avoid objection on the score of remoteness. 1 Jarman on Wills (6 Eng. Ed.), p. 298; 22 Laws of England, p. 310; Johnson's Estate, 185 Pa. 179; Curtis v. Luken, 5 Beav. 137; Baker v. Stuart, 28 Ont. 423; Speakman v. Speakman, 8 Hare, 180; Thorndike v. Loring, 15 Gray, 391; Stevens v. Stevens, 21 Ky. L. R. 1315; Hooper v. Hooper, 9 Cush. (Mass.) 122; Reid v. Voorhees, 216 Ill. 236; Crooke v. De Vandes, 9 Ves., Jr., 197; Palmer v. Holford, 4 Russ. 403; Coleman v. Coleman, 23 Ky. L. R. 1479; Andrew v. Andrews, 110 Ill. 223; Sears v. Putnam, 102 Mass. 5. (6) A gift to a contingent class of persons, not necessarily ascertainable within the perpetuity period, consisting in whole or in part of incapable members, i. e., after born children or issue, is void for remoteness. Hale v. Hale, 123 Mass. 120; Lawrence v. Smith, 163 Ill. 149; Pitzel v. Schnyder, 216 Ill. 87; Schuknecht v. Schultz, 212 Ill. 43; Dime Savings Co. v. Watson, 254 Ill. 419; Dodd v. Wake, 8 Sin. 615; Re

Whitten, 62 L. T. 391; Re Kountz, 213 Pa. 390; Quinlan v. Wickham, 223 Ill. 37; Hewitt v. Green, 77 N. J. Eq. 245. (7) The trust contained in the will of Lily Lambert violates the rule against perpetuities. The interests attempted to be created by that trust do not absolutely and indefeasibly vest until too remote a period, i. e., until the time fixed for the final distribution, to-wit, thirty years after Mrs. Lambert's death; or otherwise expressed, the class to take the *corpus* is not ascertainable until beyond the perpetuity period, until thirty years after the testatrix's death. Until that time the class to take is wholly uncertain, as is also the exact share of each member thereof. Gray on Perp. (3 Ed.), secs. 381-2, p. 385; Pearks v. Mosely, H. L. 5 App. Cas. 714; Leake v. Robinson, 2 Mer. 363; Hale v. Hale, 3 Ch. D. 643; Smith v. Smith, L. R. 5 Ch. 342.

*Taylor & Chasnoff* and *Manley O. Hudson* for appellants.

(1) The will must be read as a whole and as though there were no rule against perpetuities. Eckle v. Ryland, 256 Mo. 441; Gray on Perpetuities (3 Ed.), sec. 629; Dungannon v. Smith, 12 Cl. & F. 599; Heasman v. Pearse, L. R. 7 Ch. 283. (2) The whole will shows an intent to tie up the property for such children and such of the descendants of deceased children as should be living at the end of thirty years, and in the meantime to have the income distributed among such of them as might be living from time to time. The beneficial interests are contingent because the thirty-year trust was created by the testatrix for reasons personal to the beneficiaries and not merely for the convenience of the estate. Collier's Will, 40 Mo. 385; Buxton v. Kroeger, 219 Mo. 224. The beneficial interests are contingent upon the beneficiaries being alive at the time of the distribution, because there is no gift to them but by way of directions to the trustees to distribute and divide. In re Eve, 93 L. T. R. 235; Hall v. Terry, 1 Atkyns, 502; In re Kountz's Estate, 213 Pa. 399; Eldred v. Meek, 183 Ill.

271 Mo.—43

26; Hewitt v. Green, 77 N. J. Eq. 345; In re Blake's Estate, 157 Cal. 517; Buxton v. Kroeger, 219 Mo. 224. The natural meaning of the expressions used in clause 8 of the will impels the conclusion that the testatrix intended that none of the beneficial gifts should vest until they were distributed by the trustees. Inderwich v. Tatchell, App. Cases (1903), 120. (3) The testatrix has used apt technical language to make all the beneficial interests contingent. "Issue" includes descendants of every degree and is not to be restricted to mean "children," nor to mean "children or descendants alive at the death of the several children of Lily Lambert." The context shows that the word "parent" does not restrict the meaning of the term "issue" in this case. In re Loan Co., 213 N. Y. 168; Re Embury, 109 L. T. R. 511; Berry v. Fisher, 1 Irish Rep. Ch. D. 484; Jackson v. Jackson, 153 Mass. 374; Hills v. Barnard, 152 Mass. 67. The provisions for survivorship relate to the end of the thirty-year period and not to the death of the children of the testatrix. Naylor v. Godman, 109 Mo. 543, 550; Crowder v. Stone, 3 Russ. 217; Jarman v. Vye, L. R. 2 Eq. 784; Faust's Admrs. v. Birner, 30 Mo. 414; Yocum v. Siler, 160 Mo. 281; Gannon v. Albright, 183 Mo. 238; Abbott v. Middleton, 7 H. L. C. 68; Cascaden's Estate, 153 Pa. 170; Jarman, Wills (6 Ed.), p. 1963. (4) The directions with reference to the income furnish no basis for an argument that the beneficial interests in the *corpus* are vested. In re Kountz's Estate, 213 Pa. 399. The reference to interests by the terms "rights" and "share" does not make them vested. Hewitt v. Green, 77 N. J. Eq. 357; Barnes v. Johnston, 233 Ill. 620; McCartney v. Osburn, 118 Ill. 403; Leake v. Robinson, 2 Mer. 363. To construe any of the beneficial interests as vested would defeat the intent to keep the property in the family. Buxton v. Kroeger, 219 Mo. 224; Johnson's Estate, 185 Pa. 186; Buckworth v. Thirkell, 3 B. & P. 652, note; Moody v. King, 2 Bing. 447; Tiffany, Real Property, sec. 183; 2 Jarman, Wills (6 Ed.), 1452. (5) If the children took vested equitable interests in fee simple it was intended that they should be subject to executory limita-

tions. But there can be no executory limitations over after an absolute interest in personalty. Simmons v. Cabanne, 177 Mo. 336; Sullivan v. Garesche, 229 Mo. 496; Brown v. Tuschoff, 235 Mo. 449; Buckner v. Buckner, 255 Mo. 371; Wilson v. Cockrell, 8 Mo. 1; Vaughn v. Guy, 17 Mo. 429; Halbert v. Halbert, 21 Mo. 277; State ex rel. v. Tolson, 73 Mo. 320; Shepperd v. Fisher, 207 Mo. 208. The executory interests of children's issue are in turn subject to shifting executory limitations. Ashley v. Ashley, 6 Sim. 358; Gray, Perpetuities (3 Ed.), sec. 120; Claflin v. Claflin, 149 Mass. 19; Rector v. Dalbey, 98 Mo. App. 289; Dado v. Maguire, 71 Mo. App. 641; Gray, Perpetuities (3 Ed.), sec. 121c; Gray, Restraints on Alienation (2 Ed.), sec. 124. (6) The rule against perpetuities operates to defeat the intended interests. Since all of the beneficial interests created by the will remain contingent for a gross period of thirty years, all which are given to persons not in being at the death of the testatrix are remote and void. Any interest which might possibly not vest within the prescribed period violates the rule against perpetuities. Gray, Perpetuities (3 Ed.), sec. 629; Gates v. Seibert, 157 Mo. 254. The contingent interests of the children of Lily Lambert are not too remote. Lockridge v. Mace, 109 Mo. 162; Gray, Perpetuties (3 Ed.), sec. 214; 2 Leading Cases in Am. Law of Real Property, p. 487; Gray, Perpetuities (3 Ed.), sec. 201, note 2; Lawrence's Estate, 136 Pa. 366. All other intended beneficial interests violate the rule against perpetuities. Even if the beneficial interests of the children of the testatrix vested immediately on her death and the gifts over on the death of the children of the testatrix were to vest immediately on the death of such children, still the vesting of the other gifts over is so postponed that they are remote and therefore void. Gray, Perpetuities (3 Ed.), secs. 108, 201; Gates v. Seibert, 157 Mo. 254. (5) A limitation to the unborn child of an unborn child is void. 1 Washburn, Real Property (6 Ed.), sec. 217; Lockridge v. Mace, 109 Mo. 162; Shepperd v. Fisher, 206 Mo. 208; Buxton v. Kroeger, 219 Mo. 275; Whitby v. Mitchell, 44 Ch. Div. 85; In re

Nash 1 Ch., 1; 1 Fearne, Contingent Remainders (10 Ed.), 565 (note by Butler); 1 Jarman, Wills (6 Ed.), 287, note (h); Gray, Perpetuities (3 Ed.), sec. 290; 20 Law Quarterly Review, 304. The intended limitations to great-grandchildren of the testatrix are void limitations to the unborn children of unborn children. Lockridge v. Mace, 109 Mo. 162; Shepperd v. Fisher, 206 Mo. 208; Buxton v. Kroeger, 219 Mo. 224; Whitby v. Mitchell, 44 Ch. Div. 85. (6) Where limitations are bound up in one general scheme of distribution, the valid must fall with the invalid. Gray, Perpetuities (3 Ed.), sec. 247; Church v. Grant, 3 Gray, 142; Lockridge v. Mace, 109 Mo. 162; Shepperd v. Fisher, 206 Mo. 208; Matter of Butterfield, 133 N. Y. 473. The limitations of beneficial interests in Lily Lambert's will are all parts of one general scheme. Lockridge v. Mace, 109 Mo. 162; Shepperd v. Fisher, 206 Mo. 208.

*Samuel A. Mitchell* and *George Murray* for respondents.

(1) The children of Mrs. Lambert took the entire equitable interest in her estate, the fee in the estate vesting at once as a terminable or, rather, a defeasible fee. Gavin v. Allen, 100 Mo. 293; Orr v. Yates, 209 Ill. 222; Tiffany, Real Property, p. 324, sec. 135, note 210; Gray on Perpetuities (3 Ed.), p. 7, sec. 14, note 4, p. 70, 3rd par., note 7; Sullivan v. Garsche, 229 Mo. 496. (2) The issue of the children of Mrs. Lambert took an executory devise in fee-simple of the equitable fee. Brown v. Tuschoff, 235 Mo. 458; Sullivan v. Garesche, 229 Mo. 496; 40 Cyc. 1644; Thompson v. Hoop, 6 Ohio St. 480; Johnson v. Buck, 220 Ill. 226; Ackless v. Seekright, 1 Ill. 46. (3) Issue is used in the eighth clause of the first item of the will in the sense of child, as is demonstrated by the words "the issue of such child [i. e., deceased child] shall have all the rights of the parent." Brown v. Tuschoff, 235 Mo. 458; Lamphier v. Buck, 2 Drewry & Sm. 484; 23 Cyc. 363. (4) A vested interest is not subject to the rule against perpetuities. Gates v. Seibert, 157 Mo. 254; 22 Am. & Eng. Ency. Law (2 Ed.),

705; 30 Cyc. 1172, 1171; Lawrence's Estate, 11 L. R. A. 85; O'Hare v. Johnston, 13 N. E. 127. (5) The interposition of trustees will not render contingent an interest that otherwise would be vested. Otherwise stated, the intervention of the trustees does not prevent the vesting in the beneficiaries. This proposition is conceded by those opposing the will. 40 Cyc. 1662; Collier's Will, 40 Mo. 287; In re Reith, 144 Cal. 314; Bates v. Spooner, 75 Conn. 501; Trust Co. v. Hollister, 74 Conn. 228; Hawkins. v. Bohling, 168 Ill. 214; Scofield v. Olcott, 120 Ill. 362; 49 Cent. Digest, title "Wills," sec. 1472; Gray on Perpetuities (2 Ed.), secs. 118, 204. (6) The law favors vested estates and in the absence of words expressing a clear intent to the contrary (no such words appear in this will) an estate will be construed as vested rather than contingent. Tindall v. Tindall, 167 Mo. 218; Jones v. Waters, 17 Mo. 590; Henderson v. Calhoun, 183 S. W. 584; Mettler v. Warner, 243 Ill. 600; Chew v. Keller, 100 Mo. 362; Fanning v. Doan, 128 Mo. 328; Byrne v. France, 131 Mo. 646; Doe v. Considine, 6 Wall. 458; 40 Cyc. 1650. (7) Vesting may be presumed by a gift of the whole intermediate income (as in this will) for the maintenance of the beneficiaries. Sawyer v. Cubby, 146 N. Y. 192; Provenchere's Appeal, 67 Pa. St. 463; 40 Cyc. 1161. (8) There is no contingent interest created by the will of Mrs. Lambert. The estates vested at the time of the death of the testatrix and the will does not violate the rule against perpetuities. Long's Estate, 39 Pa. Sup. Ct. 323; Collier's Will, 40 Mo. 287; Gates v. Seibert, 157 Mo. 254; O'Hare v. Johnston, 113 N. E. 127; Mettler v. Warner, 243 Ill. 600; Estate of Reith, 144 Cal. 314; Bates v. Spooner, 75 Conn. 501; Trust Co. v. Hollister, 74 Conn. 228.

WALKER, P. J.—This is a suit to construe the will of Mrs. Lily Lambert, who died in the city of St. Louis in March, 1889. The particular matter for determination is whether the trust created by the will violates the

rule against perpetuities. Omitting the formal opening and closing paragraphs, this will is as follows:

"1st. I give, devise and bequeath all my property, real, personal and mixed, and wherever situate to my brother, John D. Winn, as trustee, for the following purposes:

"(1) To pay all my debts, and all unpaid debts of my late husband, Jordan W. Lambert.

"(2) To collect all rents of real estate, sell and dispose of real estate, or any part thereof, and reinvest the proceeds in real or other property in his discretion.

"(3) To carry on the business of the Lambert Pharmacal Company for the period of thirty years from my death.

"(4) To make division of all my property and the increase thereof at the expiration of thirty years from death amongst my children hereinafter named. Such division may be made in kind, if practicable, or the trustee may sell the whole or any portion thereof, if necessary or convenient in making such distribution.

"(5) The net income of my estate shall be divided equally amongst my said children till the time fixed as above for distribution; and until then no partition of real estate shall be made, but realty and personalty shall alike remain in the hands of the trustee under the trusts hereby created.

"(6) The children for whom provision is made herein are the children of my late husband, Jordan W. Lambert and myself, to-wit, Albert, Jordan, Marion, Lily, Gerard, and an unborn child of which I am now enceinte. In the distribution of the income of my estate all my said children shall share alike till the time for division and distribution as aforesaid; but when such distribution is to be made, said unborn child shall be charged with all it shall have inherited from its father so as to make the other children equal with it.

"(7) The said trustee may by will, or other writing acknowledged and recorded, appoint a trustee or

trustees in lieu of, or to be associated with himself, as co-trustees; and such substituted trustees may exercise like power of appointment and substitution, so that the trust shall never fail or be embarrassed for want of a trustee.

."(8) In case any child or children shall die before final distribution, the issue of such child shall have all the rights of the parent, taking *per stirpes;* but if no issue survive, the share of such deceased child or children shall pass to the survivors of my said children, or their issue, the issue in all cases taking *per stirpes.*

"2nd. I nominate and appoint my said brother John D. Winn executor of this my will, and direct that he be not required to give bond as such; nor shall he or any other trustee hereunder be required to give bond. Any trustee acting hereunder shall be allowed reasonable compensation for his services.

"3rd. During the minority of my children and each of them, no greater sum shall be paid over by the trustee to or for any child, than shall be reasonably necessary or proper for its support, education and maintenance, according to its estate and condition in life. The excess, if any, of any child's income shall be invested and accumulate till it becomes of age and then be paid over to it."

Testatrix left surviving her five sons and one daughter, named and aged in years respectively, except the last, as follows: Albert, 14; Jordan, 11; Marion, 8; Lily, 4; Gerard, 3; and Wooster, 1½ months, the last named being the child of which she states she was *enceinte* at the time of the making of the will. Lily, the daughter, upon reaching womanhood, first married one James T. Walker, by whom she had one child, James T. Walker, Jr., who is one of the plaintiffs here. Upon the death of her first husband she married one Malvern B. Clopton, one of the defendants and by whom she had no children. She died November 11, 1911, testate. The fifth paragraph of her will, the terms of which provoked

this controversy, which accounts for the setting out of the paragraph here, is as follows:

"Fifth: Of the rest, residue and remainder of my property and estate, real, personal and mixed, and wherever situated, including therein the funds and securities held by the St. Louis Union Trust Company in trust under a certain trust deed executed between said Trust Company and myself, dated the 21st day of November, 1909 (the disposition of which by me by last will and testament is provided for by said trust deed), and also including therein all my right, title, interest and estate, being the one-sixth thereof, in and to the principal and income of the property and estate of my deceased mother, Lily Lambert, said share arising and coming to me under the last will and testament of the said Lily Lambert, deceased, and now held in trust for me by the trustees under said will, I give and devise as follows:

"1. Unto my husband, Malvern B. Clopton, the one-third thereof, to be his absolutely.

"2. Unto the St. Louis Union Trust Company and George H. Walker, as trustees, the remaining two-thirds thereof, in trust for my said son, James T. Walker, and for any other child or children who may be born to me, and upon the trusts hereinafter mentioned, viz."

Upon the probating of Mrs. Clopton's will the probate court of the city of St. Louis appointed D. D. Walker, Jr., as the guardian of the person and the Mercantile Trust Company as curator of the estate of testatrix's child, James T. Walker.

Arthur R. Deacon and Arthur W. Lambert were appointed by the probate court in 1895 as co-trustees with John D. Winn, the original trustee named in the will of Mrs. Lily Lambert. Winn resigned in 1895, since which time said Deacon and Lambert have been in the possession and active management of the estate and have controlled and directed the administration of the trust created by the will of Mrs. Lily Lambert.

The estate of Mrs. Lily Lambert consisted of residence property in Vandeventer Place in the city of St. Louis, which she had occupied as a home, a lot on St. Charles Street, also in said city, and five-sixths of the stock of the Lambert Pharmacal Company, the principal business of which was the manufacture and sale of listerine, a proprietary preparation.

The pleadings are in substance as follows:

After defining the relation sustained by the several parties to this proceeding and setting forth the will of Mrs. Lily Lambert and the fifth paragraph of the will of Mrs. Lily Lambert Clopton, the plaintiffs state that conflicting claims and demands are made against them as trustees under the will of said Lily Lambert, deceased, for and on account of one of the shares of the *corpus* or trust estate, and its accrued income, now in their hands, which share has heretofore been held by them in trust under the will of Lily Lambert, deceased, for Lily Lambert Clopton, deceased, during her lifetime; that the defendants, St. Louis Union Trust Company and George H. Walker, joint trustees and executors under the said will of Lily Lambert Clopton, deceased, claim that the trust created by the will of the said Lily Lambert, deceased, is void, and demand that the plaintiffs turn over and deliver the share of the *corpus* or trust estate, heretofore and during the lifetime of the said Lily Lambert Clopton held by plaintiffs for her use and benefit, to said St. Louis Union Trust Company and George H. Walker, executors aforesaid, to be held and distributed as a part of the estate of said Lily Lambert Clopton, deceased, under the provision of her will aforesaid; that on the other hand, the defendant Mercantile Trust Company, as curator of the minor defendant James T. Walker, claims that the estate created and vested in plaintiffs by the said will of said Lily Lambert, deceased, is lawful and valid; that the share held by plaintiffs during the lifetime of the said Lily Lambert Clopton for her use and benefit passed, under the will of the said Lily Lambert, de-

ceased, and does not constitute a part of the estate of
the said Lily Lambert Clopton, deceased, and is not sub-
ject to the disposition attempted to be made thereof
under her said will; that they refused to comply with the
request and demand of the defendants, St. Louis Union
Trust Company and George H. Walker, executors and
trustees aforesaid, or of the Mercantile Trust Company,
curator of the estate of said minor defendant, to turn
over to said executors or said curator, any portion of
the *corpus* or trust estate mentioned, or the income
thereof, now held by plaintiffs as trustees aforesaid, for
the reason that they cannot determine, without the de-
cree of a court, the conflicting claims made to said trust
estate, and for the further reason that one of the defend-
ants interested directly in the particular share of the
trust estate is a minor and can only be bound in the
matter of the conflicting claims thereto by a proceeding
in which he is made a party, and in which he is repre-
sented by some person appointed by the court for that
purpose. Petitioners state that the *corpus* or principal
of the trust estate so held by them under the will of Lily
Lambert aforesaid, consists partly of personalty and
partly of real estate situated in the city of St. Louis,
Missouri, and that the value of the share of the person-
alty thereof in controversy is in excess of the sum of ten
thousand dollars.

In view of the premises and that future litigation
growing out of such conflicting demands and claims may
be avoided, plaintiffs pray for an order directing the
defendants, and each of them, to answer herein, setting
forth their respective claims and interests in said trust
estate; and that the court construe the will of said Lily
Lambert, deceased; and determine and define what in-
terest and estate, if any, the said Lily Lambert Clopton
took under said will; and what interest and estate, if
any, the defendants, St. Louis Union Trust Company
and George H. Walker, executors and trustees under the
will of Lily Lambert Clopton, take under said will; and

what interest and estate, if any, the said defendant, Malvern B. Clopton, as devisee under said last named will, takes in his wife's share of said trust estate; and generally to determine, define and settle the rights of the several parties herein to the said share of the estate held by plaintiffs in trust as aforesaid, and for such other and further relief as may be meet and proper.

The answer of the Mercantile Trust Company, as curator of James T. Walker, affirming the validity of the will of Mrs. Lily Lambert, alleges that James T. Walker is entitled to one-sixth of the income of the trust estate until the end of the thirty-year period specified therein and that at the end of said period he is entitled to one-sixth of the estate. A plea of adverse possession is also made, that the action is barred by the Statute of Limitations, and that the beneficiaries under the will of Lily Lambert have acquiesced in the settlement in trust made by her will; that the expenses of administration of the trust, including large compensation to the trustees, have been incurred and paid out of the income of said estate with full knowledge and acquiescence of all the beneficiaries, and that they are therefore estopped from recovering or receiving anything contrary to the terms of the will of Lily Lambert.

The St. Louis Union Trust Company and George H. Walker, executors and trustees under the will of Mrs. Lily Lambert Clopton, deceased daughter of Mrs. Lily Lambert, and Malvern B. Clopton, her husband, filed a joint answer. They allege that the will of Mrs. Lambert is void in that it violates the rule against perpetuities; that Mrs. Clopton, as a child and heir of Mrs. Lambert, was entitled to an undivided one-sixth interest of the estate of her mother at the time of her death, freed of any trust. The five living children of Mrs. Lambert, who were not mentioned in the petition as having taken any part in the controversy, appeared and filed an answer, in which they asserted that the will of Mrs. Lambert was void on the ground that it violated the rule

against perpetuities and that they, as her children and heirs at law, were each entitled to an undivided one-sixth of her estate.

The reply of all of the plaintiffs to the answer of the Mercantile Trust Company, curator of James T. Walker, denied all of the allegations in that answer contained, except the allegation admitting the facts in the petition of the plaintiffs, and alleged the year in which each of the children of Mrs. Lily Lambert attained their majority.

Upon the issues thus made up a hearing was had in the circuit court of the city of St. Louis before Hon. Leo S. Rassieur, who rendered a decree in favor of plaintiffs. From this ruling an appeal has been perfected to this court.

I. To discover and give effect to the intention of the testatrix, Mrs. Lily Lambert, as expressed in her will, giving the words employed their natural and ordinary meaning, is of controlling importance in the determination of the matter under consideration. Thus measured, what was the purpose of this trust; was it for the benefit of the estate or the children; if for the former, what interest did the latter or their issue take? Satisfactory answers to these inquiries will enable it to be determined whether the will is valid.

*Intention.*

At the time of testatrix's death her estate consisted of a home, a piece of business property on St. Charles Street in the city of St. Louis and five-sixths of the stock of the Lambert Pharmacal Company, having a capitalization of twenty thousand dollars and engaged in the manufacture and sale of a single proprietary preparation under the name of Listerine. The demand for this preparation was at the time limited and its future as a source of profit problematical. It was not so, however, to the testatrix. To her its future was a problem solved. Otherwise her care in providing a trustee and conferring upon him ample continuing powers for the

manufacture and sale of the preparation would have been a foolish and useless formality. Time has demonstrated her foresight and as a consequence her wisdom in the creation of this trust. The business thus rendered permanent by her will for the term prescribed has grown by leaps and bounds and during the greater part of the time that has elapsed since her death until the hearing was had in this case, monthly payments of the net income therefrom have been made to each of her children of from $3000 to $6000 per month, or from $36,-000 to $72,000 per year to each child. In addition to the necessary expenses incident to the manufacture and sale of this preparation, fees have been earned and paid to the trustees out of this business during this period aggregating $200,000. The business has, as a source of profit and the consequent building up of an estate for these children, despite its modest beginning, proved to be a veritable Aladdin's lamp. Wise management, with the magic of printer's ink as one of the promotives, has no doubt contributed much to the success of this enterprise, but it would not have been rendered possible except for the provisions of testatrix's will. The estate, therefore, has been built up and its upbuilding being due to the prevision of the testatrix, the conclusion inevitably follows that such was her purpose in the creation of the trust. Or more concretely stated, the trust was established for the benefit of the estate that the Lambert Pharmacal Company might be properly handled by an experienced business man in whom she reposed confidence or that he might, if exigency therefor arose, designate his successors in the performance of the trust.

It has been rightly reasoned by plaintiffs that if this was not her purpose she exhibited a marked partiality in providing in effect that the distribution of the estate should not be made until the eldest child was forty-four years of age, while the youngest would receive his portion at the age of thirty years. Agreeing with plaintiffs in this regard, we will not give countenance to the

conclusion that she intended to do otherwise than deal fairly with her children. She could know nothing of their individual ability or capacity to manage their respective interests, and her only possible purpose must have been to fix a definite term for the existence of the trust, ample in her opinion for the upbuilding of the estate, at the expiration of which term the beneficiaries were to come into possession of the *corpus* of their principal interests. To argue otherwise would be to give one child an advantage over the other and, as we have stated, charge the mother with a partiality which no intimation in the will authorizes and which is unnatural and contrary, in the absence of any cause, to all human experience.

II. The trust having been created for the benefit of the estate, what interest did the beneficiaries take therein? Testatrix's estate consisted alone of property inherited by her from her husband, who had died two months before the making of her will. One-sixth of her husband's estate had then vested, as evidenced by the terms of her will (1st item, paragraph 6) in the then unborn child to which she refers in this language: "Said unborn child shall be charged with all it shall have inherited from its father so as to make the other children equal with it." Cognizant of the fact of the vested interest of this particular child, and construing the will in that spirit of equality and fairness its terms indicate, it is not consonant with the purpose of the testatrix that she contemplated or intended that there should be no vesting of the interests of the other children at the time of her death but, on the contrary, that all should be treated alike. Unless it was her purpose to equalize the interests of her children, no reasonable ground can be found for the provision that the then unborn child, whose birth occurred six weeks before her death, should be charged with his full share of the *corpus* of the es-

*Vested or Conditional Estate.*

tate inherited from his father at the time of the distribution of her estate. While the terms of the trust are comprehensive, they are limited to the right of control, the right of disposal extending only to the realty, which constituted an inconsiderable portion of the estate. This limitation, the effect of which was to prevent the sale of the Pharmacal Company stock, which constituted the bulk of the estate, is indicative of the purpose of the testatrix to vest the respective shares of the beneficiaries at the time of her death. This conclusion is given added strength by the express provision of the will that the division among the children during the period of the trust is to be limited to the "net income," thus by implication forbidding any invasion of the *corpus* of the estate during such period other than such management and control as was necessary to promote the business for which the company was organized. We are not without authority for thus construing this limitation; we said in the Collier will case, 40 Mo. 287, that a testamentary direction to pay, to transfer, to divide and partition imported a gift in the absence of an inconsistent condition, and it was not material that the money was not to be paid or property divided until some future period. In the same case the universal rule is announced that wherever it is possible, an instrument will be so construed as not creating an estate subject to a condition, particularly a condition precedent. Hence a provision in a will under this rule is prima-facie regarded as conferring a vested and not a contingent interest; or as not creating an executory or future interest but a present one with possession deferred. [1 Tiff. R. Prop., sec. 141.] Furthermore, we have said in effect in Tindall v. Tindall, 167 Mo. l. c. 225, that the law favors the vesting of estates, and in the absence of words expressing a clear intent to the contrary an estate will be construed as vested rather than contingent, and, consistently with the testator's intention, the estate will be construed to vest at the earliest possible time, so that, unless otherwise clearly expressed, it will vest immediately upon the

testator's death. In Henderson v. Calhoun, 183 S. W. (Mo.) 584, in construing a will wherein certain property was bequeathed to a number of people and their heirs to be equally divided among them and if any die without issue their portion was to go to their brothers and sisters share and share alike, the court held that the testator's intention, as indicated by the language of the will, was to have the estates vest upon his death. This presumption, says the court, will obtain "in the absence of any expressed intention to the contrary."

Here, instead of an "intention expressed to the contrary," we find the terms of the will, when construed together, in harmony with the conclusion that it was the testatrix's purpose to vest the interests of her children in her estate at the time of her death. It is not inappropriate to remark in this connection, although the question does not seem to be controverted, that the vesting of interests in personalty is subject to the same rules as real estate, especially where, as here, both are included in the will. [Thomas v. Castle, 76 Conn. 447; In re Albiston's Estate, 117 Wis. 272; Heilman v. Heilman, 129 Ind. 59.]

The right of the trustee to sell the real estate and reinvest the proceeds in the same or a different character of property does not militate against the correctness of the conclusion that it was intended by the will to create a vested interest in the children. Like powers of sale, accompanied by a broader discretion, were conferred on the trustees by the Collier will (40 Mo. 287) and it was held that these did not prevent the vesting of the estate in the beneficiaries. While power to sell the real estate was here given by the will to the trustee, partition of same was deferred until the termination of the period of distribution (1st item, paragraph 5). This, with the limitation as to the equal distribution of net income among the children (before noted) "until the time for distribution," to be regulated according to the third item to the amount necessary for each child's proper education, support and maintenance, with directions as to the investment of the accumulated excess of income,

and the provision in regard to the ultimate disposition of the share of any child in the event of its death before the termination of the trust period (1st item, paragraph 8), all point with significant force to the intention of the testatrix to create a vested and not a contingent interest in each child in the estate, whereby the income therefrom might be enjoyed but full possession deferred until the end of the period for which the trust was created. To hold otherwise it would be necessary to interpolate or add other terms to the will or create by construction limitations not authorized by the existing text. Where, as here, the intention of the testatrix is clear, the rules of construction require and reason demands that we add nothing to or take nothing from the words employed. Needing no gloss, they are their own best interpreters.

Thus interpreted the will creates a vested interest in the children of testatrix, the possession of the *corpus* only being postponed. The express direction is to divide the estate at the end of thirty years "amongst my children hereinafter named." No limitation appears as to their "then being alive" or to "such as may then be alive," and thereby giving rise to a condition or contingency on their being alive at the end of the trust. On the contrary, the words all import a present vesting. Thus far there can be no controversy as to the nature of the interest created in each child.

III. It is contended, however, that paragraph 8 of item 1 of the will operates to limit the estate of each child to the condition that they be alive when division is made and that this constitutes a condition **Defeasible** precedent and not subsequent. In other **Vested** **Estate.** words, that the vesting of the trust estate is postponed by this condition and a future estate created contrary to the rule against perpetuities, because of the postponement of the vesting of the estate.

Paragraph 8 of item 1, repeated for convenience of consideration, is as follows:

271 Mo.—44

"In case any child or children die before final distribution, the issue of such child shall have all the rights of the parent, taking *per stirpes;* but if no issue survive the share of such deceased child or children shall pass to the survivors of my said children, or their issue, the issue in all cases taking *per stirpes.*"

The inquiry confronting us is the meaning to be placed upon this paragraph. Does it operate to change the prior words of the will from a present interest to one to be vested in the future and hence in violation of the rule above referred to, or does it simply change or modify the absolute estate vested in each child by prior provisions of the will into one subject to be divested by a condition subsequent?

Preliminary to a discussion of the paragraph itself, it is pertinent that the word issue be defined. Where issue are to take the share of the deceased parent it must mean his children; that is, the word parent confines the word issue to the children of the taker. [Sibley v. Perry, 7 Ves., Jr., 522; Adams v. Law, 17 How. (U. S.) 1. c. 422; Chwatal v. Schreiner, 148 N. Y. 683; Gerhard's Estate, 160 Pa. St. 255; Arnold v. Alden, 173 Ill. 229; In re Winchester, 140 Cal. 468.]

The "rights of the parent" as used in the paragraph mean those conferred upon the parent of the issue therein, who was authorized to take as one of the children of the testatrix. This is evident from the succeeding clause of the paragraph, which provides in the event of no issue that the share of such deceased child or children of the testatrix shall pass to their survivors or their issue. It is the share, therefore, of such deceased child which goes to the issue. The words "rights of the parent" can only by a strained construction be held to have a different meaning. Having given each of her children a like share in her estate, her concern in the inserting of the survivorship provision was, in the event of the death of either child, that the share of the one dying should go to its "child" or "issue," which we have shown means the same thing.

The effect of clause 8, therefore, is to modify the absolute estate vested in each child by the prior provisions of the will, into a present interest, but one subject to be divested by a condition subsequent, namely, death before the end of the trust period leaving or not leaving issue as the case may be, thus creating a defeasible instead of an absolute fee.

IV.  If this be the meaning of the paragraph, what interest did the issue of the children of the  testatrix take?

The only contingency·upon the taking of an interest in the estate of the testatrix by the issue of her children is that they survive their parents.  The interest of the parents, as we have seen, is that of a defeas-
ible fee.  After a fee nothing remains. Hence the issue could not take a remainder, which cannot be limited on a fee, even though it be defeasible, but must follow a particular estate, because after the latter something remains.  An executory devise  may, however, follow a fee and may be contingent not only on the event which is to determine the fee, but also upon the being of the person to whom the event occurs.  [Sullivan v. Garesche, 229 Mo. 1. c. 509.]  An executory devise may also be created *inter alia* when preceded by a freehold estate, but limited to take effect before or after and not at the expiration  of  the  particular  estate.  [Thompson v. Hoop, 6 Ohio St. 480.]  An executory devise may also be created *inter alia* by a limitation over upon the first devisee dying before reaching a certain age.  [Johnson v. Buck, 220 Ill. 226.]   In Sullivan v. Garesche, supra, the devise was of the residue of the testatrix's property to her two daughters in equal parts, but in the event of the marriage of either her share was to go to the other.  In the event of the marriage of both, the property devised to them was to be divided equally among all of testatrix's children.  In the event of the death of both of said daughters before marriage the estate was to be divided equally among testatrix's surviving children.  One of the testatrix's daughters (but not

Executory
I evise.

one of the two to whom the residue was devised) died after the death of testatrix, leaving a son as her only heir. The question was what interest did he take under the will in the estate of testatrix, his grandmother. It was held that the other children of the testatrix than the two daughters who were to take the residue could take no interest in the property devised to these two daughters until both died without having married; that the possibility of the interest of the others was not a remainder but an executory devise, for the reasons we have stated in defining the interest of the issue or second takers in the instant case.

Under a similar state of facts to those in the instant case we held in Brown v. Tuschoff, 235 Mo. l. c. 458, that the equitable interest of the issue of each child of the testatrix was an executory devise in fee simple of the child's share which the issue would take if the child died prior to the date of distribution. In other words, the interest taken was that of executory devise of the equitable fee.

O'Hare v. Johnston, 273 Ill. 458, a recent case decided by the Supreme Court of Illinois, is parallel in its facts to the case at bar and identical in the principles involved. The trust therein created was for a period of thirty years; the income payable in equal shares to the children of testator; in the event of the death of either of the two children without issue the survivor was to take the entire income until the expiration of a thirty-year period, at which time it was to take the principal, and if either child died leaving children then the parent's share of income and principal was to be payable to such child or children. The children consisted of a daughter and a son. The daughter married after the death of the testator and a child was born to her. The son died intestate after the death of his father, leaving a wife, but no children. The daughter then died, leaving a husband and child. The daughter's administrator demanded that the income of the whole trust estate be paid to him. This the trustee refused until after the will had been construed. With reference to the argument that

provision for the payment of income during the trust period, and principal at the end thereof, was for the benefit of the legatees, the court said:

"The further argument is made that the separation of the trust fund and the provisions for the payment at the end of the thirty-year period were for reasons personal to the legatees and for their special protection, and therefore those facts present a weighty argument in favor of contingency. What has already been said, we think, is a complete answer to this argument. Another reason, however, may be given to show that the postponement of the payment of the principal of the fund was for the benefit of the estate and not for the convenience of the legatees. In this case the testator knew that it was the business of the trustee he chose to manage and care for great investments. It is apparent from the language of the will that he thought that the bonds set aside for this trust estate might not mature, but the bonds themselves would be delivered, at the expiration of the period, to the legatees. He considered the investment he had made in these bonds as of value to his estate. If the postponement in this case was for the benefit of the estate and not for reasons personal to the legatees, then it is conceded by all parties that this is an argument in favor of the vesting of the legacies at the death of the testator."

The court in O'Hare v. Johnston cites in support of the conclusion reached therein the case of Mettler v. Warner, 243 Ill. 600. That case is directly in point in the present controversy. It proceeded on the theory that the will of the testator was void as creating a perpetuity. The estate was devised to a son in trust with direction that the net proceeds and income should go to the children of the testator or their descendants in equal parts, *per stirpes* and not *per capita.* If any of testator's children died leaving no descendants, any payments which would have gone to the deceased child were to be paid to the surviving children and the descendants of such children, if any, who had died prior to that time leaving a descendant or descendants surviving, *per*

*stirpes,* and not *per capita.* At the expiration of the term of fifteen years the property was to be sold and the money paid to the children then surviving and to the descendants, if any, of the children then dead. The court held that legal title vested immediately in the trustees; that the rule against perpetuities has reference to the time when the title vests, but has nothing to do with the postponement of the enjoyment or duration of the title; that the estate vested in the children, because the entire net income was to be paid to them and their descendants and no purpose was indicated to provide for any one else.

Courts of last resort in other jurisdictions under facts sufficiently parallel to those in the case at bar to authorize their citation here as precedents, hold that the estates there involved became vested and hence the wills construed were not violative of the rule as to perpetuities. [Gwin v. Hutton, 56 So. 446; Estate of Reith, 144 Cal. 314; Bates v. Spooner, 75 Conn. 501; Conn. Tr. & S. D. Co. v. Hollister, 74 Conn. 228; Hawkins v. Bohling, 168 Ill. 214; Tayloe v. Mosher, 29 Md. 443.]

Under the facts, therefore, in the instant case, sustained by the rulings not only of this court but of courts of last resort elsewhere, in the contingency of the death of a child of the testatrix before the date of distribution, an executory devise was created in favor of the issue of such child, if issue be left; and there being no limitation in the will beyond the issue or second takers, the interest of such issue became vested in a fee simple absolute instead of a defeasible or qualified fee, as in the first takers, or the children of testatrix. A case illustrative of this conclusion is that of Long's Estate, 39 Pa. Sup. Ct. 323, where a testator had created a trust in favor of his five children, each of them to take one share and one share to the child of a deceased son. The will provided that if any of the children should die before the expiration of the trust leaving no lineal descendants then its share should go to the other legatees share and share alike. The court held that there was no limitation over

of the share that was held by the trustee for the grand-child.

A like conclusion was reached in the case of the Estate of Reith, supra, where the terms of the will required a construction of a clause providing no limitation as to the shares to be taken by the issue or children of the first takers.

V. We have heretofore indicated that the will of testatrix was valid on account of the vested interest of the takers therein named. This conclusion involves a consideration of the nature and application of Perpetuities. the rule against perpetuities. In all cases where it is sought to apply this rule the character of the interest as vested or contingent is of first considera-tion. If vested, the rule can have no application (Gates v. Seibert, 157 Mo. 254), as it is directed only against future contingent interests. If, therefore, it appears that the interest or right to future enjoyment of an estate has vested within the period designated by the rule, viz., twenty-one years after a life in being at the time of the creation of the interest (Gray, Perpetuities [2 Ed.], sec. 201), the postponement of possession or actual enjoy-ment is immaterial. A contrary ruling once prevailed in this State, it having been held in Lockridge v. Mace, 109 Mo. 162, that to avoid a violation of the rule it was nec-essary that the possession of the estate be vested within the period prescribed. However, in Gates v. Seibert, supra, the ruling as to the vesting of possession was held to be unauthorized and it was declared to be sufficient if it appeared the interest was vested. The last expression of this court in this regard is in harmony with rulings elsewhere as to the application of the rule. [O'Hare v. Johnston, supra; Lawrence's Estate, 11 L. R. A. (Pa.) 85; Flanner v. Fellows, 206 Ill. 136; Seaver v. Fitzgerald, 141 Mass. 401; Thatcher's Trusts, 26 Beav. 365.]

VI. It is admitted by the parties to this proceeding that the control and active management by trustees of

the trust estate with the legal title in them does not pre-
**Equitable** vent the vesting of the equitable estate in the
**Estates.** designated beneficiaries. There is no conflict in
the authorities on this question. [Collier's Will, 40 Mo.
287; Tayloe v. Mosher, 29 Md. 443; Hawkins v. Bohling,
168 Ill. 214; Estate of Reith, 144 Cal. 314; Bates v.
Spooner, 75 Conn. 501; Conn. T. & S. D. Co. v. Hollister,
74 Conn. 228; Codman v. Brigham, 187 Mass. 309; Wein-
stein v. Weber, 178 N. Y. 94.]

Nor is there any question that equitable estates are
subject to the rule against perpetuities. As in legal es-
tates, it must appear in order for a settlement in trust to
be valid that the entire equitable estate has vested in a
life in being at the date the settlement becomes effective
or within twenty-one years thereafter. [Gray, Perpetui-
ties (3 Ed.), sec. 116.] Under the terms of the will no
controversy can arise on this score.

In view of the conclusion reached it has been deemed
unnecessary to discuss the propriety of the application
of the Statute of Limitations to a case of this character.

After a careful review of all of the cases cited and
discussed by the numerous counsel for appellants, we
find that they do not sustain the contention that testa-
trix's will is invalid, but on the contrary, many of them,
upon careful analysis, may not improperly be said to sus-
tain same. The judgment of the trial court is therefore
affirmed. All concur.