BENJAMIN H. MEAD, EXECUTOR AND TRUSTEE (ESTATE OF MARY J. CLOSE) *vs.* MINNETTA F. CLOSE ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 7th—decided August 2d, 1932.

*Edward C. Fisher,* for the plaintiff.

*John V. O'Brien,* with whom was *Michael J. Quinn,* and, on the brief, *Philip Troup,* for certain defendants.

*Edwin S. Pickett,* for the defendants Mabel C. Smith and Henry J. Close.

*Norris E. Pierson,* with whom was *Stuart H. Pringle,* for the defendants Minnetta F. Close and Mary F. Holly.

MALTBIE, C. J.   The testatrix died November 26th, 1919, leaving a will executed September 26th, 1919. In the third paragraph she gave the residue of her estate to her sister for her life, with the privilege of using so much of the principal as might be necessary for her comfortable support and maintenance, the paragraph concluding:   "Upon the death of my sister, Josephine Close, I direct that said rest, residue and remainder of my estate, or so much thereof as may be left, shall be equally divided among my brothers, or their children."   When the will was executed there were living two brothers of the testatrix and two children of a deceased brother; one of these children is now alive but the other died after the testatrix and the life tenant, leaving an estate the executrix of which has become a party to this action. When the testatrix died, one of these brothers was living but the other had died, leaving two children, who still survive.   After her death the other of these brothers died, predeceasing the life tenant, leaving five children who are now living and an estate the administrator of which has become a party to this action.   The questions we are asked are directed to the determination of the persons entitled to share in the residue on the death of the life tenant and the proportions in which that residue shall be distributed.

There is nothing in the situation to alter the ordinary rule that the will spoke as of the death of the testatrix.   *Travis* v. *Wolcottville School Society,* 113 Conn. 618, 628, 155 Atl. 904; *Union & New Haven Trust Co.* v. *Ackerman,* 114 Conn. 152, 160, 158 Atl. 224.   It necessarily follows that the estates of the

brothers who predeceased the testatrix took nothing under the will.

The law favors the vesting of estates and, unless a contrary intent appears, gifts will be construed to take effect in point of right at the death of the testator, though their enjoyment be postponed to a future time by the interposition of a life estate or otherwise. *Trowbridge* v. *Townsend,* 112 Conn. 104, 111, 151 Atl. 345. The words "to be divided" among my brothers, or their children, import a gift to these beneficiaries, and in themselves have no significance as postponing the vesting of their rights. *Angus* v. *Noble,* 73 Conn. 56, 64, 46 Atl. 278; *White* v. *Smith,* 87 Conn. 663, 668, 89 Atl. 272; *Connecticut Trust & Safe Deposit Co.* v. *Hollister,* 74 Conn. 228, 231, 50 Atl. 750. This is also true of the provision that such division shall be made "upon the death" of the life tenant. See the cases last cited and *Austin* v. *Bristol,* 40 Conn. 120, 133; *Johnson* v. *Edmond,* 65 Conn. 492, 499, 33 Atl. 503; *Gaffney* v. *Shepard,* 108 Conn. 339, 345, 143 Atl. 236; *Trowbridge* v. *Townsend, supra,* p. 112; *Travis* v. *Wolcottville School Society, supra,* p. 631. The gift to the testatrix's "brothers, or their children" vested in the beneficiaries at the death of the testatrix. The children of the brothers who predeceased her were included. *Connecticut Trust & Safe Deposit Co.* v. *Hollister, supra; Stanley* v. *Stanley,* 108 Conn. 100, 105, 142 Atl. 851. The gifts therefore vested in these children and in the brother who was then living.

The provision that the gift be "equally divided among my brothers, or their children" requires a per stirpes division. Such a distribution will be adopted unless a contrary intent is shown in the will; in the instant case the testatrix evidently intended that the children of a deceased brother should take in his place the share he would have received if living; and the

provision indicates an intent to maintain equality among the branches of the family rather than among the individual beneficiaries. *Mooney* v. *Tolles,* 111 Conn. 1, 12, 149 Atl. 515; *Stamford Trust Co.* v. *Lockwood,* 98 Conn. 337, 345, 119 Atl. 218; *Raymond* v. *Hillhouse,* 45 Conn. 467; *Talcott* v. *Talcott,* 39 Conn. 186.

A specific answer to the questions propounded is not necessary for the guidance of the trial court in entering judgment. We answer generally that at the death of the testatrix her surviving brother and the children of her two brothers who predeceased her acquired vested rights in the residue of her estate; that the portion of it remaining unused by the life tenant should be divided per stirpes; and that the representatives of the estate of the brother who survived her but predeceased the life tenant and of the estate of the nephew who survived her but died after the life tenant, are entitled to receive the shares the deceased whom they represent would have received if living.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.