### ELIZABETH SEAVER *vs.* MICHAEL FITZGERALD.

Essex.   Nov. 7, 1885. — March 31, 1886.   FIELD & DEVENS, JJ., absent.

A testator, by his will, gave the remainder of his property to his executors in trust, to use so much of the income thereof as should be needed for the support of his daughter during her life, and of her child or children during the life of each and all; and directed that "the balance of said income and the property after the death of my said child, and her child or children, if any, shall all be paid over by my executors for the sole use and benefit of" a certain religious corporation "to said corporation forever." The daughter died unmarried and without issue. *Held*, that the devise over to the corporation was not void for remoteness.

WRIT OF ENTRY, dated July 31, 1884, to recover a parcel of land in Lawrence. Plea, *nul disseisin.* Trial in the Superior Court, before *Gardner,* J., who reported the case for the determination of this court, in substance as follows:

The demandant claims title to the premises by descent, as next of kin and heir at law of Annie J. Rafferty. One Hugh Rafferty, at the time of his death in 1873, was seised in fee

simple and possessed of said premises.  He left a will, which was duly proved and allowed, the material part of which is as follows:

"Item 12th.  I give, bequeath, and devise all the remainder of my property, real, personal, and mixed, of which I shall die seised and possessed, or to which I shall be entitled to at the time of my decease, to my said executors, Patrick Sweeney and Thomas H. Conway, to hold in trust, to use so much of the income thereof as shall be needed to give to my daughter, Annie J. Rafferty, a good and suitable support so long as she shall live; also if she shall ever have a child or children, my said executors shall support them in a proper manner from said income or property during the life of each and all; the balance of said income and the property after the death of my said child, and her child or children (if any), shall all be paid over by my said executors, for the sole use and benefit of the Augustinian Society of Lawrence, a body corporate duly established by the laws of this Commonwealth, in the year of our Lord eighteen hundred and seventy, to said corporation forever."

At the time of Hugh Rafferty's death, his sole heir and next of kin was his daughter, Annie J. Rafferty, named in said will. She died at Lawrence in 1879, intestate, unmarried, and without issue.  The demandant is her heir, being the sister of said Hugh Rafferty.

The tenant is in possession of said premises, claiming title in fee thereto under a deed from the Augustinian Society named in said will, to whom said trustees conveyed the same after the death of Annie J. Rafferty.

Upon the foregoing facts, the judge ruled that the demandant could not maintain her action.

If the ruling was erroneous, a new trial was to be had; otherwise, judgment to be entered for the tenant.

*C. F. Paige*, for the demandant, contended that the devise to the Augustinian Society was void, and that the deed of the trustees to it passed no title; and cited *Plimpton* v. *Plimpton*, 12 Cush. 458; *Brattle Square Church* v. *Grant*, 3 Gray, 142; *Sears* v. *Putnam*, 102 Mass. 5; *Lovering* v. *Worthington*, 106 Mass. 86; *Lovering* v. *Lovering*, 129 Mass. 97.

*C. U. Bell*, for the tenant.

C. ALLEN, J. There is no objection, on the ground of remoteness, to a gift to unborn children for life, and then to an ascertained person, provided the vesting of the estate in the latter is not postponed too long. *Loring* v. *Blake*, 98 Mass. 253. *Evans* v. *Walker*, 3 Ch. D. 211. *In re Roberts*, 19 Ch. D. 520. Lewis on Perp. 417, 511. In all the cases cited by the demandant's counsel, the gift over was to persons who might not be ascertainable with certainty within the allowed time. But the present case is not of that class. There was no contingency or uncertainty as to who should finally take. The estate or interest vested in the Augustinian Society, a body corporate, absolutely and at once, upon the testator's death, subject to the preceding life estates. All that is required by the rule against perpetuities is, that the estate or interest shall vest within the prescribed period. The right of possession may be postponed longer.

Moreover, the devise was to take full effect, with right of possession, upon the death of the testator's daughter Annie, if she should leave no child. In point of fact, she left none. Therefore, in this alternative contingency, not only the estate, but the right of possession, would certainly vest within the permitted period; and, as this contingency is the one which happened, the validity of the devise would not be affected by the consideration that the other contingency might be too remote. *Jackson* v. *Phillips*, 14 Allen, 539, 572, and cases there cited. On both grounds, the entry must be, *Judgment for the tenant.*