## FRANK E. SCHEE, Appellant, v. IRMA D. BOONE et al.

### Division Two, August 28, 1922.

1. **APPEAL: Decision in Favor of Respondent: Review.** Where the trial court, in construing a will, decided against defendants the pleaded defense that plaintiff is prevented by estoppel, waiver and acquiescence in the validity of the will from disputing its validity, and plaintiff alone appeals, it is only the assignment of errors made by plaintiff that will be considered, and it will not be determined whether said ruling was correct, although the suit is one in equity. To entitle a party to a review of any ruling of the trial court against him it is necessary that he appeal and comply with the requirements of the statutes governing appeals.

2. **WILL: Construction: Cardinal Rule.** The cardinal rule governing the construction of a will is to determine as nearly as possible from its words the intent and meaning of the testator; and in addition to the unambiguous meaning of the language employed, the circumstances surrounding him, including his relations to the beneficiaries named, may be considered.

3. **———: ———: Omitting Words: Transposing Clauses.** While effect, if possible, should be given to every clause and portion of the will, yet if its terms are contradictory or sentences have been inadvertently omitted or added and if necessary to carry out the true intention, words may be supplied or omitted or sentences transposed.

Schee v. Boone.

4. ———: **Two Life Estates: Remainder to Bodily Heirs: Perpetuity: Statute Abolishing Entails.** Testator's will devised a life-time use of his real estate to his wife, and, subject to her life estate, one-half of it to his daughter Loretta and "to the heirs of her body at her death," and "if the bodily heirs of Loretta should die without issue, after the death of their mother, said share of the heir dying shall vest in his brothers and sisters who may be living, or who may have died leaving issue." To Loretta two sons Frank (the plaintiff) and John C. were born, and John by quit-claim deed and Loretta by warranty deed conveyed their interests to Frank, and then John died leaving a minor child the defendant. *Held*, that the will was not void as violative of the rule against perpetuities, but created an estate tail, which, under the statute abolishing such estates, became a life estate in Loretta and a contingent remainder in fee in her bodily heirs, who are to be ascertained at the time of her death, when the contingent estate becomes a vested estate in fee in such of her bodily heirs as shall then be living; and John C., having died prior to his mother, never took any interest in said land, and therefore his deed conveyed nothing to Frank.

5. ———: **Devise to Daughter and Bodily Heirs: Deceased Child as Heir.** A devise of lands to a daughter and "the heirs of her body at her death" creates a life estate in the daughter and an estate in remainder in fee in such of the bodily descendants of the daughter as shall be living at her death; but the fee does not vest during her life, and where her son, supposing himself to be owner of the fee, conveys his interest, and then, before the death of his mother, dies leaving bodily heirs, his grantee takes nothing.

6. ———: **Perpetuities: Vesting of Title.** The rule against perpetuities has no application to vested remainders; it is directed only against future contingent interests, and is concerned only with the time of the commencement of the estate, and not with its duration; the title must vest within the time prescribed in the rule, but the estate need not necessarily vest in possession or enjoyment even if vested in interest.

7. ———: ———: ———: **Two Life Estates: Fee to Heirs of Contingent Bodily Heirs: Repugnancy.** A devise to testator's wife for life, and, subject to her life estate, to his living daughter Loretta and "the heirs of her body at her death," creates a life estate in the daughter and a contingent remainder in fee in her bodily heirs who may be living at her death, and by operation of the statute abolishing entails the title will cease to be contingent and will vest in such of her bodily heirs as are living at the time of her death, and will therefore vest within the life of a person in

being (the daughter) and twenty-one years and the period of gestation after testator's death, and thus far does not therefore violate the rule against perpetuities; and the estate by operation of the statute ceasing to be contingent upon the death of Loretta and the fee in remainder then vesting in her surviving bodily heirs, a subsequent clause of the will declaring that if any of the bodily heirs of my said daughter "should die, after the death of their said mother, said share of the heir dying shall vest in his brothers and sisters who may be living, or who may have died leaving issue" is inconsistent with the estate created by the prior clauses, and should be rejected as repugnant.

8. ———: ———: **Possibility of Reverter In Donor.** When a fee is created which is determinable upon a condition subsequent, such as a failure of issue, there is always a possibility of a reverter in the donor, but such possibility is not subject to the rule against perpetuities.

9. ———: ———: **Destroyed by Statutes.** The rule against perpetuities is not applicable to wills creating estates tail. Where the will creates an estate tail the statute abolishing such estates applies to invest a life estate in the first taker and a fee in the next, even where the devise if there were no such statute would violate the rule against perpetuities.

Appeal from Lewis Circuit Court.—*Hon. James A. Cooley,* Judge.

AFFIRMED.

*D. H. Eby & Ben E. Hulse* for appellant.

(1) A will is to be interpreted by an examination of the whole will, in an attempt to arrive at the intention of the testator. Burnett v. Burnett, 244 Mo. 491, 498. (2) The original devise in the Mantle will and the subsequent cross-contingent remainders created no repugnancy between the provisions in the will. Shepperd v. Fisher, 206 Mo. 208; Lockwood v. Mace, 109 Mo. 162; Buxton v. Kroeger, 219 Mo. 245. (3) The remainders in the Mantle will were contingent notwithstanding the fact that the life tenant may be too old to bear children. Emerson v. Hughes, 110 Mo. 627; Rozier v. Greham, 146

Mo. 352, 359. (4) The devises were inoperative and void, as contravening the rule against perpetuities. Shepperd v. Fisher, 206 Mo. 208; Lockridge v. Mace, 109 Mo. 162; Bradford v. Blossom, 207 Mo. 177. (5) The devises being void, there was no subject-matter to which the statute applicable to fee-tail estates, could apply. To apply them would be creating a life estate with remainders over, upon a void devise. (6) The will did not create nor attempt to create a technical estate tail. 16 Cyc. 608, A. Although certain clauses in a will, standing alone, might present a clear estate in tail, such apparent intent may be negatived by the other provisions in the will, which show either that no estate tail was granted or intended to be granted, or that by such other provisions the estate tail was in fact barred. 16 Cyc. 614, par. 7.

*Sloan & Sloan* and *Hollingsworth & Blood* for respondent.

(1) This plaintiff is barred from bringing this action by his conduct amounting to waiver, estoppel, and laches. Hobbs v. Henley, 186 S. W. 981; Wood v. Conqueror Trust Company, 265 Mo. 511. (2) A primary rule of construction is that if the will is in ambiguous terms and there is doubt as to what construction should be adopted, the will should be so construed as to allow it to stand. Cox v. Jones, 229 Mo. 53. (3) The court in construing the language of a testator will place itself in his position and construe the language from his standpoint. Cox v. Jones, 229 Mo. 53. (4) A definite estate once granted must not be held to be cut down by the use of words of uncertain meaning. Cox v. Jones, 229 Mo. 53. (5) In arriving at the intention of the testator, if need be, words may be supplied and omitted and sentences transposed. Grace v. Peery, 197 Mo. 550. (6) A provision repugnant to a fee already clearly granted in a will, should be rejected. Sevier v. Wood-

son, 205 Mo. 302; Small v. Field, 102 Mo. 104. (7) The granting of an estate which would have been an estate in fee-tail under the common or statute law of England does under the statutes give a life estate to the first taker and a fee to the second taker and is a complete disposition of the fee. Sec. 2267, R. S. 1919. (8) A will should be so construed as to vest the estate at the earliest possible time and where there is doubt as to whether a remainder is vested or contingent it will be construed as vested. Chew v. Keller, 100 Mo. 369; Dickerson v. Dickerson, 211 Mo. 403. (9) The language of the Mantle will giving the land to "Loretta B. Schee and to the heirs of her body at her death," is the most apt and customary wording to create an estate in fee-tail at common law and under the Statute *De Donis* and so recognized in this State. Burrowes v. Page, 12 Mo. 358; Nichols v. Robinson, 277 Mo. 483; Phillips v. La Forge, 89 Mo. 72; Emmerson v. Hughes, 110 Mo. 627; Miller v. Ensinger, 182 Mo. 195; Gilliland v. Gilliland, 278 Mo. 99; Cox v. Jones, 229 Mo. 53; 1 Tiffany on Real Property (2 Ed.) sec. 26. (10) Under this statute the statutory remainder in fee is contingent until life tenant's death, as the persons who will be heirs can only be determined at that time. Emmerson v. Hughes, 110 Mo. 527; Nichols v. Robinson, 277 Mo. 483. (11) A contingent remainder does not pass by the deed of an apparent remainderman who never takes, and therefore the remainder passing to the bodily heirs of Loretta B. Schee being contingent until her death, her son J. C. Schee had no vested interest at any time during his life, and nothing passed by his deeds to plaintiff. Nichols v. Robinson, 277 Mo. 483; Emmerson v. Hughes, 110 Mo. 630; Clark v. Sires, 193 Mo. 510; Godman v. Simmons, 113 Mo. 122; Rosier v. Graham, 146 Mo. 352. (12) "The rule against perpetuities is defined to forbid the creation of a future estate that will not vest within the lifetime of a person in being and twenty-one years and ten months thereafter." Stewart v. Coshon, 238

Mo. 662; 1 Tiffany on Real Property (3 Ed.) p. 591.
(13) The rule against perpetuities relates only to the
time of the vesting of interests. It does not relate to
the possession or duration, nor does it apply at all to
vested interests. Sioux City Terminal v. Trust Co.,
82 Fed. 124, 132; 1 Tiffany on Real Property (2 Ed.)
p. 591, note; Lewis on Perpetuities, p. 173; Gates v.
Seibert, 157 Mo. 254; Deacon v. Trust Co., 271 Mo. 669.
(14) The rule against perpetuities does not apply to
a reversion or to a possibility of reverter. Nor does it
apply to a possibility of a reverter which has been con-
veyed by the same instrument to take effect upon the
termination of a defeasible fee or after an estate-tail,
if such possible estate takes effect immediately upon the
termination of the particular estate. The fee being
vested subject only to a condition subsequent it is suf-
ficiently vested to satisfy the rule. 30 Cyc. 1473; 1
Tiffany on Real Property (2 Ed.) secs. 184, 137; 2 Am.
& Eng. Ency. Law, 706; Deacon v. Trust Co., 271 Mo.
669.

WALKER, J.—This is a suit to procure a judicial
construction of the will of John Mantle, who died testate
in Clark County in 1906, seized of about one thousand,
eight hundred and sixty-five acres of land in that county,
and to determine the rights and interests of the parties
to the same. Upon a hearing before the court, there was
a finding and judgment for the defendants, from which
the plaintiff appeals.

The testator left surviving him his widow, who died
before the institution of this suit, and two daughters,
both married and now living, namely: Loretta B. Schee,
and Elizabeth J. Harr, now Elizabeth J. Harr Smith.
The plaintiff is the son of Loretta B. Schee. She had
another son, John C. Schee, who died before this suit
was brought, leaving a widow, Elizabeth Schee, and an
infant daughter, Edna M. Schee, one of the parties de-
fendant herein. The testator's will contemplated a dis-

position of all of his real estate. The portions of the will in controversy are as follows:

"2nd. I give and devise to my wife Emma Mantle, the life use of my real estate. Also it is my will that she and my two daughters Elizabeth J. Harr and Loretta B. Schee shall inherit my personal estate according to the laws of inheritance in force in this State.

"3rd. I give and bequeath to my said daughter Loretta B. Schee and to the heirs of her body at her death, to the exclusion of any right and interest of her husband therein, the following described real-estate, situate in Clark County, Missouri:" (Here follows a description of the land by government subdivisions, being the same designated in this proceeding as the "Loretta B. Schee lands"), "making a total acreage to my said daughter and to her bodily heirs, as stated, of 811 acres, more or less, and which I estimate as one-half in value of all my real estate. This bequest being subject to my wife Emma Mantle's life use of said property."

A subsequent paragraph (the 4th) makes a like disposition to testator's widow for life, remainder in his other daughter, Elizabeth J. Harr, now Elizabeth J. Harr Smith, to the balance of his lands. These lands are not involved in this action, but only those described as the Loretta B. Schee lands.

The fifth paragraph of the will limits the foregoing bequests as follows:

"5th. If any of the bodily heirs of my two daughters named should die without issue, after the death of their mother, it is my will that the surviving husband or wife shall have no interest in the estate inherited by said descendant from his or her mother, but that said share of the heir dying shall vest in his brothers and sisters who may be living, or who may have died leaving issue."

The plaintiff and his brother John C. Schee, now deceased, constituted the apparent heirs of Loretta B. Schee in 1908, and in October of that year they made

quitclaim deeds to each other of portions of said lands, these deeds being made, as plaintiff stated, for the purpose of dividing the land, as they thought they both had the same interest under the will.  During the year 1908 and prior thereto, these two sons had rental arrangements with each other with reference to this land and the plaintiff paid his brother rent for portions thereof up to and including 1908, and when he paid the rent plaintiff stated that he knew that the only interest his brother John C. Schee had was what he took under his grandfather Mantle's will.  The plaintiff further testified that down to 1917, he and his brother and mother, all acted on the assumption that the will was valid and that all had an interest under the will, and that was the reason these deeds were made back and forth.

On May 1, 1914, plaintiff procured a quitclaim deed from his brother John C. Schee for the portion that he had previously deeded to his brother and in which deed the brother, his wife, and his mother and father joined. Thereafter, June 2, 1919, the plaintiff procured from his mother Loretta B. Schee and her husband a warranty deed to the entire tract known as the "Loretta B. Schee lands" which had been devised to her in the Mantle will. A few months thereafter plaintiff instituted this action to have his title declared absolute.  His brother John C. Schee having died in the meantime, June 7, 1917, leaving, as his sole heir, his infant daughter Edna M. Schee, who is defending herein by her guardian ad litem. While her mother is joined as a defendant, the minor Edna is the only person interested in the lands other than the plaintiff, her interest being that of an apparent heir of Loretta B. Schee, as the holder of a contingent interest under the will of the testator.

Plaintiff seeks to have this will declared void as creating a perpetuity, and avers that Loretta B. Schee took by inheritance a one-half interest in the land of the testator, and had acquired by quitclaim deed from Eliza-

beth J. Harr Smith the entire title to the "Loretta B. Schee lands," and that it had been transferred to plaintiff.

The defendant Edna M. Schee defends the action on two grounds:

First: That the plaintiff is prevented by estoppel, waiver, and acquiescence in the validity of the will and by laches from disputing the validity of the same; and

Second: That the will itself must stand as a valid disposition of the "Loretta B. Schee lands" under the statutes of Missouri. The lower court overruled the first defense, but sustained the second.

I.   On the question of waiver, estoppel and laches, the trial court found against the defendants and in favor of the plaintiff, who is the sole appellant. It is only the assignments of error made by the appellant that will be considered. While the right of appeal is given to any party to a suit within the terms of the statute (Sec. 1469, R. S. 1919) who claims to have been aggrieved, the procedural requirements of the latter must be complied with to entitle the party to a review of such grievances. The nature of the action is immaterial so far as a compliance with these requirements is concerned, provided it be civil in its nature. These exceptions may be noted in appeals in equity cases growing out of the nature of these actions, viz.: The court will consider the entire testimony for the purpose of determining what is relevant and competent evidence; instructions fill no office in an equity case and their giving or refusal will not be regarded as error. These exceptions and the consequent latitude of a review following an observance of same is what is meant when it is said that, under our practice, "equity cases are practically tried *de novo* in the appellate courts." [Williams v. Husky, 192 Mo. 1. c. 549.] It is not meant, however, by this ruling that any of the requirements necessary to the perfecting of an appeal under the statute are to be disregarded; and it

is as necessary in an equity as in a law case to entitle an appellant to a review that they be complied with. Respondent's claim as to errors in the rulings of the trial court in this case, therefore, are not for our consideration. [German Evan. Church v. Schreiber, 277 Mo. 113, 209 S. W. 914; Summers v. Cordell, 187 S. W. (Mo.) 5; Ross v. Presby. Church, 272 Mo. 96.]

The only exception to this rule, not applicable here, is where a respondent questions the trial court's ruling in sustaining a judgment, and not to effect its modification in any respect. [St. Charles Savings Bank v. Denker, 275 Mo. 1. c. 621, and cases.]

The fact that the plaintiff for more than a decade recognized the terms of the will, as manifested by his joining in conveyances of the land in conformity with the bequests therein made, might well be adduced as persuasive reasoning in support of the conclusion that such a showing of waiver and estoppel on the part of the plaintiff constituted nothing more than proof to sustain the judgment rendered in defendant's favor, and consequently came within the exception above noted. The terms of the will, however, render such a holding unnecessary, as they are sufficiently free from ambiguity to enable its meaning to be determined without resort to other sources of interpretation. [Peak v. Peak, 195 S. W. (Mo.) 993; LaVaulx v. McDonald, 190 S. W. (Mo.) 604; Wooley v. Hays, 285 Mo. 566, 226 S. W. 842.]

II. The matter of vital moment, therefore, is the construction of the will. The cardinal rule governing such construction, which cannot be departed from without violating the fundamental law concerning the testamentary disposition of property, is to determine as near as may be from the words used the intent and meaning of the testator. In addition to the unambiguous meaning of the language employed, we may take into consideration the circumstances surrounding the testator at the time the will was executed, including his

relations to the beneficiaries named. [Cook v. Higgins, 290 Mo. 402; Bernero v. St. Louis Tr. Co., 287 Mo. 602; Guthrie v. Crews, 286 Mo. l. c. 448; Gibson v. Gibson, 280 Mo. 519; Deacon v. Trust Co., 271 Mo. 669.]

This well-established rule has been given legislative recognition in the following statute: "All courts and others concerned in the execution of last wills shall have due regard to the directions of the will and the true intent and meaning of the testator, in all matters before them." [Sec. 555, R. S. 1919.] The will, therefore, should be read as near as may be from the testator's standpoint, giving effect, if possible, to every part and portion of same; and to the end of carrying out his intention, words may be supplied, omitted or sentences transposed. The exercise of this latitude must be limited strictly to what is clearly necessary to carry out the true intention of the testator. In adding or omitting words or transposing sentences, it must appear from the face of the will that its terms are contradictory or repugnant or that the testator has inadvertently omitted or added certain sentences, which defect destroys his otherwise evident purpose; and it must further appear that a correction of such defect will clearly effectuate the testator's intention. [Bernero v. St. Louis Tr. Co., 287 Mo. 602; Robinson v. Crutcher, 277 Mo. 1; Gillilan v. Gillilan, 278 Mo. 99; 40 Cyc. 1045.]

Guided by these canons of construction, if the language be unambiguous, as stated, we will be enabled to determine the testator's prime or paramount intention. When that has been ascertained, words or expressions indicative or declaratory of a subordinate purpose on his part, must be so construed as to harmonize with the main or moving purpose in the making of the will. [Brown v. Tushoff, 235 Mo. l. c. 456, 138 S. W. l. c. 499.]

That the will gave a life estate to the testator's widow, Emma Mantle, there is no ground for controversy. This estate terminated with her death, which occurred before the institution of this suit. Subject to

this estate, the third paragraph of the will created a life estate in the testator's daughter Loretta B. Schee, with a remainder over in fee at her death to those then constituting the heirs of her body. This devise at the early common law and subsequently under the statute *de donis* created an estate tail in the heirs of Loretta B. Schee's body. This character of estate, however, has been abolished by statute (Sec. 2267, R. S. 1919), which provides: "In cases where, by the common or statute law of England, any person might become seized in fee-tail of any lands, by virtue of any devise, gift, grant or other conveyance, or by any other means whatever, such person, instead of being seized thereof in fee-tail, shall be deemed and adjudged to be, and shall become, seized thereof for his natural life only; and the remainder shall pass in fee simple absolute to the person to whom the estate tail would, on the death of the first grantee, devisee or donee in tail, first pass according to the course of the common law, by virtue of such devise, gift, grant or conveyance."

This statute has been frequently construed both as regards deeds and wills; and where the terms of the instrument provide, as here, that the conveyance or devise is to the grantee named and the heirs of his or her body, a life estate is granted in the first taker with a remainder in fee to those to whom the estate would have passed upon the death of the first donee according to the course of the common law. [Burris v. Page, 12 Mo. 358; Phillips v. LaForge, 89 Mo. 75; Hall v. French, 165 Mo. 430, and cases, 437; Cox v. Jones, 229 Mo. 53.]

During the existence of the life estate, the statutory remainder in fee of the heirs of the life tenant's body are contingent in that their identity cannot be definitely determined until such tenant's death. Only upon the occurrence of this event can it be ascertained who are the heirs who will take the remainder, at which time their contingent interest will become vested. Express approval of this conclusion has been given by this court in

Emmerson v. Hughes, 110 Mo. 627, in which Black, J., speaking for the court said: "The statute (now Sec. 2267, R. S. 1919) just quoted, converted the estate tail, created by the deed at common law, into a life estate in the first taker with a contingent remainder in fee simple in favor of those persons who should answer the description of heirs of the body of the tenant for life." In a later opinion, Graves, J., speaking for the court in Nichols v. Robinson, 277 Mo. 483, in construing the same section, said: "This statute converts an estate tail into a life estate for the first taker, with a contingent remainder to the persons designated as *heirs of her body,* the contingency is created by the force of the fact that under the statute the heirs of her body cannot be determined until the death of the life tenant."

A concrete application of the statute therefore authorizes the conclusion that under the will of John Mantle, the plaintiff and his brother John C. Schee were the holders of a contingent remainder in the estate of the testator until the death of their mother Loretta B. Schee, which has not yet occurred.

We find, however, that John C. Schee conveyed whatever interest he had in the lands to the plaintiff. There is no question that a remainder, whether vested or contingent, constituting, as it does, an interest in real estate, may be sold and conveyed by the remainderman. [McFarland v. Bishop, 282 Mo. l. c. 552; Oldaker v. Spiking, 210 S. W. (Mo.) 59; McClure v. Baker, 216 S. W. (Mo. App.) 1018.] The grantee, however, can take no greater estate than that possessed by the grantor. Whatever interest John C. Schee had in the lands was subject to the contingency of his survival of the life tenant. The failure of this contingency by his death in 1917 extinguished his interest in the lands, and his deed to the same was rendered ineffectual to pass title to the plaintiff. This, upon the principle that although a fee may vest as a contingent remainder, it may be divested upon a contingency and it does not vest finally until the death of

the life tenant. [Eckle v. Ryland, 256 Mo. 1. c. 440; Buxton v. Kroeger, 219 Mo. 1. c. 251; Rozier v. Graham, 146 Mo. 1. c. 360; Godman v. Simmons, 113 Mo. 122.]

It also appears that the life tenant, Loretta B. Schee, has conveyed her interest in these lands to the plaintiff. It is scarcely necessary to say that the interest thus acquired by the plaintiff can be no greater than that of the grantor, which is the right of use and occupancy during her life. Certainly this conveyance can have no effect upon the rights or interests of the "heirs of her body at her death." As to who may come within this category can only be determined upon the demise of Loretta B. Schee. Her apparent heirs, so far as the facts now disclose, are the plaintiff and Edna M. Schee.

III. However, it is contended that the fifth paragraph of the will creates a perpetuity which nullifies the devise. As has frequently been said, most recently in Stewart v. Coshow, 238 Mo. 662, the rule against perpetuities is designed to forbid the creation of a future estate that will not vest within the lifetime of a person then in being and twenty-one years and ten months thereafter." The contention here made is that paragraph five postpones indefinitely the vesting of some interest under the will, and as to such interest contravenes the rule against perpetuities. It is well to bear in mind in the consideration of this question that the rule is only concerned with the time of the commencement of the vesting of the estate and not with its duration. This distinction is well made in Gates v. Seibert, 157 Mo. 254, in which this court said: that the limitation must be of such a character that the estate will become vested, if at all, within the period prescribed in the rule, but that it need not necessarily be vested in possession if vested in interest. An estate is vested in possession when there is a right of present enjoyment; it is vested in interest when there is a present fixed right of future enjoyment. We had occasion to discuss this question

295 Mo.—15

in Deacon v. St. Louis U. Tr. Co., 271 Mo. l. c. 695, as follows: ''In all cases where it is sought to apply this rule the character of the interest as vested or contingent is of first consideration. If vested, the rule can have no application (Gates v. Seibert, 157 Mo. 254), as it is directed only against future contingent interests. If, therefore, it appears that the interest or right to future enjoyment of an estate has vested within the period designated by the rule, viz., twenty-one years after a life in being at the time of the creation of the interest (Gray, Perpetuities (2 Ed.) sec. 201), the postponement of possession or actual enjoyment is immaterial. A contrary ruling once prevailed in this State, it having been held in Lockridge v. Mace, 109 Mo. 162, that to avoid a violation of the rule it was necessary that the possession of the estate be vested within the period prescribed. However, in Gates v. Seibert, supra, the ruling as to the vesting of possession was held to be unauthorized and it was declared to be sufficient if it appeared that the interest was vested. The last expression of this court in this regard is in harmony with rulings elsewhere as to the application of the rule. [O'Hare v. Johnston, 273 Ill. 458; Lawrence's Estate, 11 L. R. A. (Pa.) 85; Flanner v. Fellows, 206 Ill. 136; Seaver v. Fitzgerald, 141 Mass. 401; Thatcher's Trusts, 26 Beav. 365.]'' If, therefore, the contingent remainder in fee in these lands will, as we hold it does, become vested upon the death of Loretta B. Schee, the rule against perpetuities is not violated. When an interest becomes vested, it is not subject to the rule because it is vested and by its very nature cannot be subject to a condition precedent or one to be performed before some right depending thereon accrues. [Gray, Perpetuities, sec. 201; Sioux City Co. v. Trust Co., 82 Fed. l. c. 132; Toms v. Williams, 41 Mich. 552; Todhunter v. Railroad, 58 Iowa, l. c. 207.]

The contention as to the creation of a perpetuity by paragraph five is based upon the assumption that upon the death of Loretta B. Schee her bodily heirs will take

a contingent remainder, which interest will so continue and become vested only upon the death of one of such bodily heirs without issue. It is only necessary to revert to the fact, before stated, that by the terms of this devise the contingent remainder in fee of the bodily heirs of Loretta B. Schee will become vested upon her death, and, hence, there is nothing left to which the rule against perpetuities can apply. In short, if it was meant by the testator that paragraph five. should apply where a bodily heir died without issue after the life tenant, and therefore after such heir had taken the fee, then, paragraph five is inconsistent with the prior estate created, the creation of which was the paramount purpose of the testator. This being true, the inconsistent paragraph should be rejected for repugnancy. This conclusion is in harmony with what we have said on this subject in former cases.

In Sevier v. Woodson, 205 Mo. l. c. 214, 120 Am. St. 728, we said: "Where a certain estate is granted in plain and unequivocal language in one clause of a will, the same cannot be lessened or cut down by a subsequent clause of the will, unless the language used in such subsequent clause is as clear, plain and unequivocal as the language of the first grant."

Later in Gibson v. Gibson, 239 Mo. l. c. 506, 144 S. W. 775, we said: "In what we have expressed, we do not wish to be understood as holding that what would otherwise be a fee in the first taker can be cut down to a less estate by ambiguous words or words not as clear and strong as those in the devise to the first taker."

Later still in Lemp v. Lemp, 264 Mo. 533, 175 S. W. 618, we held that, "where an estate is given absolutely in one clause of a will, it cannot be cut down by a subsequent clause, unless the language thereof is as clear and unequivocal as the language of the first."

If, however, paragraph five be not rejected for repugnancy and is not superseded by the statute, in the event of a failure of issue the interest of the bodily heirs

which had vested at the death of Loretta B. Schee would be terminated by the happening of the condition subsequent, viz., the failure of issue, and the right of entry of the other bodily heirs, the brothers and sisters or their issue. This reasoning finds its support in the right to create a determinable fee, which is well settled. Whenever a fee is created which is determinable upon a condition subsequent, in this case a failure of issue, there is always a possibility of a reverter in the donor. The possibility of reverter has, in this country, always been held not subject to the rule against perpetuities. [Cowell v. Colorado Spgs. Co., 100 U. S. 55; Hopkins v. Grimshaw, 165 U. S. 342; Lougheed v. Dykeman Church, 40 N. Y. Supp. 586; First Univ. Soc. v. Boland, 155 Mass. 171; Tobey v. Moore, 130 Mass. 448.]

IV. It is contended that Shepperd v. Fisher, 206 Mo. 208, sustains plaintiffs' contention that paragraph five enlarges a life estate into a fee upon the birth of issue, but keeps the fee contingent and unvested in the meantime. The ruling in that case was against the enlarging of a life estate into a greater one and thus vesting what was before a contingent interest. It was upon this alone that the court placed its ruling. If the prior estate had not been enlarged but curtailed by devising a portion of what had been vested, the decision would have been otherwise, as the rule against perpetuities only strikes at unvested interests. That case, therefore, has no application to the one at bar, where the estate passes to the heirs of Loretta B. Schee as a determinable fee or an estate upon a condition subsequent.

In Lockridge v. Mace, 109 Mo. 162, and Shepperd v. Fisher, supra, relied upon by plaintiff, the application of Section 2267, Revised Statutes 1919, was not involved, as the wills in neither of these cases attempted to create what at common law would have been an estate tail, and in neither case is there a discussion of or reference to the statute. The decisions therefore are not rendered upon

wills affected by the statute but upon the strict language of the wills themselves. If these wills had created estates tail at common law, there would have been no occasion (that fact having been found) to discuss the legality of the terms relating thereto, for the statute would, by virtue of its terms, have at once applied and determined what estates should exist, transforming those created by the wills into estates created by the statute; and the language of the wills relating to the entailing of the estates would at once be superseded by the statute and the estate thus created would become vested.

V.   Other interesting reasons are suggested why the language of the will here under review does not create a perpetuity. Those adduced, however, are deemed sufficient to sustain the holding that it should not be so construed.

Summarizing what has heretofore been said: What under the terms of the will would have created an estate tail becomes under the statute a life estate with a remainder in fee which will vest upon the death of Loretta B. Schee in the heirs of her body then living; that by the contingency of a default in issue, referred to in paragraph five of the will, is meant a default at the time of Loretta B. Schee's death; that although a perpetuity was attempted to be created by paragraph five, there was no such general plan of disposition provided for therein as to defeat the fee created by paragraph three, and that the provisions of paragraph five should be rejected as repugnant and not permitted to stand.

In consideration of all of which the judgment of the trial court is affirmed and it is so ordered. All concur.