**BLACKHURST v. JOHNSON et al.**\*
No. 9936.

Circuit Court of Appeals, Eighth Circuit.
Aug. 6, 1934.

John T. Barker, of Kansas City, Mo. (Charles P. Woodbury, Paul S. Kelly, and Frank Brockus, all of Kansas City, Mo., on the brief), for appellant.

Dean Wood, of Kansas City, Mo. (John H. Lathrop, of Kansas City, Mo., Leo A. McNalley, of Minneapolis, Kan., and Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., on the brief), for appellees Rachael A. Johnson, Dolph C. Simons, and Leo A. McNalley, trustees.

Ernest S. Ellis, of Kansas City, Mo., for appellee Kathoryne Lucille Blackhurst (infant).

Ralph W. Street, Fred B. Mertsheimer, and M. A. O'Donnell, all of Kansas City, Mo., for appellee Jessie C. Simons.

Before STONE and GARDNER, Circuit Judges, and JOYCE, District Judge.

GARDNER, Circuit Judge.

This is a suit in equity brought by the appellant as plaintiff below, to set aside a trust created by her father, Louis A. Simons, on the ground that it violates the rule against perpetuities. The lower court denied the relief sought and from the decree entered this appeal has been taken.

On September 6, 1932, Louis A. Simons executed a trust agreement, conveying the proceeds of certain life insurance policies amounting to $50,000 to three trustees, who are given powers to invest the money in bonds of the United States and other named securities. The trustees are given full power to collect, sell, reinvest, control, and manage, upon such conditions as in their judgment may seem best, all of the property held in trust. It is provided that certain monthly payments shall be made to the former wife of the grantor under a postnuptial agreement. Surplus income is to be added to the principal of the trust funds. If during the lifetime of the appellant, Julia Kathoryne Simons Blackhurst, daughter of the grantor, or any of her issue, some emergency or contingency shall arise which in the judgment of the trustees makes it advisable to pay any portion of the principal of the property to appellant, or any of her issue, the trustees are given full power so to do or to use and apply for their benefit such portion of the principal of the property as in the judgment of the trustees may be necessary in order to meet such emergency or contingency as shall have arisen. The trust instrument then provides that upon the death of the grantor's former wife, if appellant be then living, the trustees shall distribute all of the net income from the property held in trust to appellant during her lifetime, and upon her death the trust estate is still to continue for the benefit of any issue of appellant until the youngest child of appellant shall arrive at the age of thirty years, at which time the trust shall terminate, and the trustees shall then pay and distribute all of the property held in trust unto the issue of appellant per stirpes and not per capita.

If, upon the death of the former wife, appellant is deceased leaving issue, then all of the net income from the property held in trust is to be distributed unto the issue of the daughter per stirpes and not per capita, until the youngest child arrives at the age of thirty years, at which time the trust terminates and the trustees are to pay and distribute all of the property held in trust unto the persons who would have constituted the heirs at law of the grantor under the statute of descent and distribution of the state of Missouri, in like manner as if the grantor had died intestate at the time of the termination of the trust estate, and in the proportions fixed by the statute.

If the daughter of the grantor die before his former wife, then, if the daughter leave issue surviving her, $50 per month shall be paid by the trustees to the issue, or used and applied by the trustees for the education, maintenance, and support of the issue of the

daughter during the life of the former wife. If the daughter die without issue, or leave issue who die before the death of the former wife, payments to the former wife are to continue, and surplus income shall be invested and reinvested and added to the principal of the trust estate.

In the event that any income shall become payable to any minor, the trustees shall use and apply such income for the education, maintenance, and support of such minor, or, in the discretion of the trustees, such income may be sent directly to the minor without the appointment of any legal guardian or curator.

The instrument contains the following provision:

"Neither the trust estate nor the income therefrom in the hands of the Trustees shall be subject to conveyance, transfer or assignment, or be pledged as security for any debt by any beneficiary, and the same shall be entirely free from the claims of any creditor or any beneficiary, through legal process or otherwise. It is the intention of the Grantor herein to place the absolute title to the property held in trust, and the income therefrom, in the Trustees, for and during the continuance of the trust created herein, with power and authority to pay out the same only to the beneficiaries personally. Any attempted sale, anticipation, assignment or pledge of any of the funds or property held in trust, or any part thereof, or the income therefrom, shall be null and void and shall not be recognized by the Trustees."

Power of revocation and modification, including power to change the beneficiaries, is reserved in the grantor.

Grantor died January 6, 1933, and left surviving him his former wife, and, as next of kin and sole heirs at law, his daughter, appellant herein, and her infant daughter, Kathoryne Lucille Blackhurst, the said minor having been made a party defendant to the suit by order of the court on motion of all the parties, a guardian ad litem being appointed for her.

[█] The substantial question presented by the record is whether or not the trust agreement is void under the rule against perpetuities. The particular part of the agreement which sharply presents this issue is that which provides that upon the death of the former wife, if the daughter be alive, all of the net income shall be distributed to her, and in case of her death all of the income shall be held in trust and distributed to her issue per stirpes "until the youngest child of said Julia Kathoryne

Simons Blackhurst (appellant) shall have arrived at the age of thirty years, at which time said trust shall terminate, and the trustees shall pay and distribute all of the property held in trust unto the issue of said Julia Kathoryne Simons Blackhurst per stirpes and not per capita," and in case of the death of the former wife and the appellant, without appellant leaving issue, the trust shall terminate and the property be distributed to the heirs at law of the grantor under the statute of descent and distribution of the state of Missouri. The validity of this agreement must be determined by the laws of Missouri. Becker v. Anchor Realty & Investment Co. (C. C. A. 8) 71 F.(2d) 355; Turner v. California Co. (C. C. A. 5) 54 F.(2d) 552.

[█] Under controlling decisions of the Supreme Court of Missouri, it is held that no interest is good unless it must vest, if at all, not later than twenty-one years and ten months after the termination of a life or lives in being at the time of the creation of the interest. Loud v. St. Louis Union Trust Co., 298 Mo. 148, 249 S. W. 629; Schee v. Boone, 295 Mo. 212, 243 S. W. 882. This rule is stated as being "equally applicable to both legal and equitable interests or estates." Whether the interest be considered as created at the date of the instrument or at the death of the grantor, the following situation is or was possible: The former wife, after grantor's death, might die; the daughter (appellant) might give birth to a child ten years after grantor's death; appellant might later die and her now living child might die when the second supposed child was one year old, in which event the trust would have to continue until the later-born child reached thirty years of age, and clearly unless there was a vesting at least at the death of the grantor of the equitable estate, by the terms of the instrument it is void because there would be no vesting within the period limited and defined by the rule against perpetuities. Loud v. St. Louis Union Trust Co., 298 Mo. 148, 249 S. W. 629, 635. Of course, a vested interest is not subject to the rule. Schee v. Boone, 295 Mo. 212, 243 S. W. 882. The vested or contingent character of the remainder is to be determined not by the uncertainty of enjoyment of the possession, but by the uncertainty of the vesting of the estate in the grantee. To avoid the rule against perpetuities, the interest or estate must vest, if at all, within the limitation prescribed beyond a possibility and not a probability, and it is not sufficient that it may vest within the prescribed time. Loud v. St. Louis Union Trust Co., supra. Neither is it sufficient that

it be capable of taking effect within the prescribed period. It must be so phrased as ex necessitate to take effect, if at all, within that time. Shepperd v. Fisher, 206 Mo. 208, 103 S. W. 989.

The general rule is that a devise or a bequest to a class, if no time for vesting is fixed, will take effect at the death of the testator, but where the will or trust instrument, either by express words or by necessary implication, fixes a different time, and the whole class is not then completed, the devise or remainder will vest in those then existing who will hold it subject to be opened so as to let in afterborn persons who shall belong to the class fixed by the will or trust instrument for its final completion. Such limitations over are contingent remainders or executory devises, as the case may be. Buckner v. Buckner, 255 Mo. 371, 164 S. W. 513.

There is a possibility of the birth of a child to appellant as long as she remains alive, and irrespective of her age. Flora v. Anderson (C. C.) 67 F. 182; Quigley's Trustee v. Quigley, 161 Ky. 85, 170 S. W. 523; May v. Bank of Hardinsburg & Tr. Co., 150 Ky. 136, 150 S. W. 12, 48 L. R. A. (N. S.) 865. In determining whether an estate or interest may possibly vest beyond the expiration of the period specified by the rule against perpetuities, women are considered capable of having issue so long as they live.

If the trust estate does not vest in the grandchildren of the grantor until the youngest arrives at thirty years of age, there is a possibility that all persons alive when the trust took effect might have been dead more than twenty-one years and ten months when the youngest grandchild arrives at thirty years. Hence, if that is the time of the vesting, the rule is violated. If, on the other hand, the remainder in the beneficial interest in the trust estate vests in the living grandchild as representative of her class, opening to let in after-born grandchildren until the class closed at the death of the daughter (appellant), the rule is not violated, and, hence, it is necessary to determine the time of vesting.

It is true the law favors the vesting of estates, and, in the absence of words expressing a clear intention to the contrary, the estate will be construed as vested rather than contingent, and, if consistent with the intention of the grantor, will be construed to vest at the earliest possible time. Deacon v. St. Louis Union Tr. Co., 271 Mo. 669, 197 S. W. 261. A direction to pay, to transfer, to divide, and partition, imports a gift in the absence of an inconsistent condition and it is not material that the money is not to be paid or property divided until some future date. A construction will be adopted, if reasonably possible, that the estate had not been subjected to a condition, particularly a condition precedent. Deacon v. St. Louis Union Tr. Co., supra. The same rule prevails as to interest in personalty as interest in realty.

When the estate has vested, and thus avoided the objection of perpetuities, depends upon the intention of the grantor as manifested by the trust instrument. We are of the view that the grantor here has used language inconsistent with the vesting of any interest in this trust property in the grandchildren. The instrument provides that it is the intention of the grantor to place the absolute title to the trust property and the income therefrom in the trustees for and during the continuance of the trust, with power and authority to pay out the same only to the beneficiaries personally. Any attempted sale, anticipation, assignment, or pledge of any of the funds or property held in trust, or any part thereof, or the income therefrom, shall be null and void and shall not be recognized by the trustees. A grantor under the law of Missouri may prescribe that the interest shall not vest, and such direction must be respected. In Loud v. St. Louis Union Trust Co., supra, the instrument before the court provided that:

"And no right or title to said income or other provision for any such beneficiary shall vest in him or her until the same shall have been actually paid into his or her hands."

As in the instant case, a spendthrift trust was created. Concerning this quoted provision, the court said:

"To foreclose all doubt upon that subject she (testatrix) clinched the matter by adding that their right and title to the property should not vest in any of them until the same had actually been placed into their hands. This shows that it was not her purpose in using that language to fix the time when they could enjoy the property, but the time when the title thereto should vest in them, and thereby withhold their power of alienation, and exempt it from seizure and sale under execution in satisfaction of their debts or other obligations."

It is observed that in the instant case the trust instrument provides for disposition of the income by the trustees with a provision that they may during the lifetime of the daughter, or any of her issue, make payments of any portion of the corpus to them,

or may apply such corpus for their benefit if in the sound discretion of the trustees an emergency or contingency shall arise, making such payment advisable; otherwise, the corpus remains intact until the termination of the trust. Even if we were not bound to follow the decisions of the state of Missouri, it would seem that the provisions of the trust instrument in the instant case so clearly express the intention of the grantor that no right in the corpus, legal or equitable, vests in the beneficiaries during the life of the trust as to compel that conclusion. The instrument emphatically denies the beneficiaries all right or power to transfer, assign, or pledge any part of the property, or the income therefrom, and declares that the same shall be free from the claims of creditors of the beneficiaries.

This view is supported by the decisions of the Supreme Court of Missouri in construing very similar instruments. Krause v. Jeannette Investment Co. (Mo. Sup.) 62 S.W. (2d) 890; Mockbee v. Grooms, 300 Mo. 446, 254 S. W. 170; Loud v. St. Louis Union Trust Co., 298 Mo. 148, 249 S. W. 629.

This court in the recent case of Becker, Collector, v. Anchor Realty & Investment Co. (C. C. A. 8) 71 F.(2d) 355, 357, had before it a very similar trust provision. In passing on the matter we said:

"The Supreme Court of Missouri has repeatedly held that the beneficiaries under a trust such as the one here involved acquired no vested interest in the property upon the death of the testator, but took only a contingent remainder until there was an actual distribution of the trust property."

In the instant case, the title was vested in the trustees and remained so vested until the distribution of the trust property. The trust agreement is therefore violative of the rule against perpetuities, and for that reason is void.

 The court allowed $7,500 as attorney fees for legal services rendered for the trustees in this cause, and appellant complains of this allowance as being unwarranted. $832.22 was also allowed them for expenses; $750 was allowed as attorney fees for Jessie C. Simons, former wife of deceased, and $100 was allowed for the service of the guardian ad litem for the minor, Kathoryne Lucille Blackhurst, all payable out of the corpus of the estate. There is no basis for the allowance of an attorney fee for the former wife of the grantor of the trust, who was a beneficiary thereunder. It is true, it was to her interest to sustain the trust, but that interest was attacked because she was a beneficiary. When the trust was attacked she might defend or not, as she deemed best, but there is no reason why her attorney's fee should be paid out of the trust estate. This allowance should be denied. The trustees are not beneficiaries under the trust, but are the chosen agencies to administer the trust. It was their duty to defend its existence and validity. They have no personal interest in the matter but are acting solely in their capacity as trustees. They should be compensated for necessary expenses and for reasonable attorney fees.

 The amount of the attorney fees allowed the trustees is vigorously contested. The amount involved in this trust is $50,000. There are no disputed questions of fact, and the issues are dependent upon questions of law arising from the undisputed facts. In determining the question of the reasonableness of the attorney fees, many elements are entitled to consideration—the character, ability, and experience of the attorneys, the amount involved, the time necessary to prepare for trial, the difficulties and intricacies of the propositions involved, and the results obtained, as well as other elements. The trustees were represented in the lower court by Lee C. Hull and Leo A. McNalley, the latter being also one of the trustees. There is no doubt of the standing and ability of these attorneys, and where the character and extent of the services rendered is not fairly reflected by the record, the appellate court should hesitate to disturb an allowance made by the trial court. We have held, however, that all federal courts have become more or less experts as to the value of the services of attorneys, and that neither the trial judge nor the appellate court is bound by the opinion of experts as to attorney fees. A judge of a trial or appellate court is himself an expert as to what are reasonable attorney fees. It is the duty of the appellate courts to protect trust estates from "vicarious generosity" in the matter of attorney fees. In re Gilbert, 276 U. S. 294, 48 S. Ct. 309, 310, 72 L. Ed. 580; Federal Oil Marketing Corp. v. Cravens (C. C. A. 8) 46 F.(2d) 938; Merchants' & Manufacturers' Securities Co. v. Johnson (C. C. A. 8) 69 F.(2d) 940.

The lower court apparently accepted the statement of the trustees with reference to the reasonableness of these fees, and one of the trustees was one of the attorneys. He, at least in making this application for the allowance of these fees for their attorneys, was acting in a dual capacity. We again reiterate what is said by the Supreme Court in Re Gilbert, supra:

"We were desirous of making it clear by our action that the judges of the courts, in fixing allowances for services to court officers, should be most careful, and that vicarious generosity in such a matter could receive no countenance."

After all, the trust was created for and is to be administered in the interest of the ultimate beneficiaries. "The rights of those who ultimately pay must be carefully protected." Newton v. Consolidated Gas Co., 259 U. S. 101, 42 S. Ct. 438, 439, 66 L. Ed. 844. One of the judicial abuses which subjects our courts to much just criticism is the tendency to absorb property which comes into the control of a court, by making allowances for attorney fees and other expenses pending the litigation payable out of the trust fund.

We have carefully studied the entire record and cannot escape the conclusion that the fees allowed the attorneys for the trustees are excessive as charges against this trust estate, and we conclude that a reasonable fee for the services rendered by attorneys for the trustees, both in the lower court and in this court, is the sum of $3,500.

The guardian ad litem for the infant grandchild, as appellee in this court, has filed a brief raising the point that the trust instrument was testamentary in character, and not being executed in accordance with the laws relating to wills is void. She has, however, not appealed, and questions decided adversely to a party who has not appealed will not be considered on appeal. Appellees can be heard only in support of the decree which was rendered. Merchants' & Manufacturers' Securities Co. v. Johnson (C. C. A. 8) 69 F.(2d) 940; Jones Store Co. v. Dean (C. C. A. 8) 56 F.(2d) 110; Guardian Savings & Trust Co. v. Dillard (C. C. A. 8) 15 F.(2d) 996; O'Neil v. Wolcott Mining Co. (C. C. A. 8) 174 F. 527, 27 L. R. A. (N. S.) 200; Peoria, etc., Ry. Co. v. United States, 263 U. S. 528, 44 S. Ct. 194, 68 L. Ed. 427. Neither is there any assignment of error raising this point. In view of our conclusion, however, the question is unimportant.

The decree appealed from is therefore reversed and the cause remanded with directions to set aside the decree as entered, and to enter decree in lieu thereof annulling the trust and directing the payment of any corpus in the hands of the trustees to the executrix, denying the application for allowance of attorney fees for the former wife of Simons, allowing fees to the guardian ad litem in the amount of $100, allowing expenses incurred by attorneys for the trustees in the amount of $832.22, and allowing fees to the attorneys for the trustees in the sum of $3,500, and for such other proceedings as may be necessary to comply with the views expressed in this opinion.